**Barbara Sue BRADFORD,
Defendant-Appellant,**

**v.**

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1179A299.**

Court of Appeals of Indiana,
First District.

March 10, 1980.

Rehearing Denied April 10, 1980.

James H. Frank, Stephen W. Dillon, Indianapolis, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

The State charged defendant-appellant Barbara Sue Bradford with possession of

more than thirty grams of marijuana[1] and possession of phencyclidine.[2] She brings this appeal after a jury found her guilty of both offenses.

## FACTS

Conservation Officer Todd approached an automobile which was occupied by Melvin King and Barbara Sue Bradford while the automobile was parked in Versailles State Park at approximately 9:30 p. m. on Sunday, October 23, 1977. Todd observed a significant amount of smoke escaping from the window of the automobile; as he came closer he identified the smell of marijuana.

When Todd asked King for identification, King turned on an interior light and began searching through his billfold. Todd observed a green leafy substance and olive-colored seeds—less than a teaspoonful in quantity—scattered on the console of the car.

At Todd's request, King and Bradford left King's car and stood in front of it. Todd called for assistance; additional officers, including Trooper Evans, arrived ten or fifteen minutes later. Evans found a woman's purse lying on the floor of the passenger's side in the front of King's automobile. Evans carried the purse to Bradford and asked her to open it. When she refused, Evans opened the purse and observed sacks containing green plant material.

Bradford and King were taken to the Ripley County jail. Bradford's purse was thoroughly searched at that time; the police discovered both marijuana and phencyclidine in her purse. A jury found Bradford guilty of possession of more than thirty grams of marijuana and possession of phencyclidine.

## ISSUE

Did the trial court err in refusing to suppress the evidence which had been seized from Bradford's purse without benefit of a search warrant?

## DISCUSSION AND DECISION

Bradford contends that Evans unlawfully searched her purse at Versailles State Park. The State offers the following reasoning as justification for the opening of Bradford's purse without her consent:

" * * * The seeds and leafy plant material were seizable having been observed in plain view on the console. Thus provided with probable cause to believe that the automobile contained evidence of the crime of possession of controlled substances, the officers could lawfully search it, thereby discovering the purse and its contents, without a warrant."

As authority the State cites *Montague v. State* (1977) 266 Ind. 51, 360 N.E.2d 181, and *Brown v. State* (1976) 264 Ind. 484, 346 N.E.2d 559. The facts in *Montague* and *Brown* are critically different from the facts with which we deal. Neither case supports the broad proposition which the State suggests, but each case does provide guidance.

In *Montague v. State, supra,* at page 55 of 266 Ind., at page 185 of 360 N.E.2d, Justice Prentice wrote:

"The Fourth Amendment of the United States Constitution and Article 1, § 11 of the Indiana Constitution protect individuals from unreasonable searches and seizures. Under these guarantees a search and seizure must be supported by a warrant, unless they fall within certain narrowly defined categories." (Citation omitted.)

In *Brown v. State, supra,* the Supreme Court considered the propriety of a warrantless search of an automobile. At page 488 of 264 Ind., at page 561 of 346 N.E.2d, Justice Prentice noted:

"Both the Indiana and United States Supreme Courts have been more tolerant of warrantless searches of automobiles, under exigent circumstances, than of other places.

' * * * automobiles and other conveyances may be searched without a

---

1. IC 1971, 35–48–4–11 (Burns Code Ed., Repl. 1979).

2. IC 1971, 35–48–4–7 (Burns Code Ed., Repl. 1979).

warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize.'

*Chambers v. Maroney* (1970) 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419, reh. den. 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed.2d 94." (Other citations omitted.)

In *Arkansas v. Sanders* (1979) 442 U.S. 753, 754, 99 S.Ct. 2586, 2588, 61 L.Ed.2d 235, the United States Supreme Court addressed the issue ". . . whether, in the absence of exigent circumstances, police are required to obtain a warrant before searching luggage taken from an automobile properly stopped and searched for contraband."

The Supreme Court first stated that a warrantless search of an automobile may be proper if the police have probable cause to believe that an automobile which they have stopped on a street or highway contains evidence of a crime. Two reasons are offered for this exception to the warrant requirement: (1) the mobility of automobiles frequently makes it impracticable to obtain a search warrant; and (2) due to the regulation and use of automobiles, persons generally have a lesser expectation of privacy in an automobile than they have in other property.

In *Arkansas v. Sanders, supra,* the police had probable cause to believe that Sanders' green suitcase contained marijuana. The police saw Sanders' companion place the suitcase in a taxi in which both Sanders and his companion then departed from the airport. The police stopped the taxi, searched the vehicle, and seized the suitcase. These actions by the police were deemed appropriate. The police, however, elected to search the suitcase immediately and discovered ten plastic bags containing marijuana.

At page 2592 of 99 S.Ct., the Supreme Court stated that "[a] lawful search of luggage generally may be performed only pursuant to a warrant." Because the suitcase came under the exclusive control of the police at the time of the search of the taxi,

the Supreme Court could identify no exigent circumstances which would justify the warrantless search. At page 2593 Mr. Justice Powell wrote:

" * * * A closed suitcase in the trunk of an automobile may be as mobile as the vehicle in which it rides. But as we noted in *Chadwick,* [*United States v. Chadwick,* (1977) 433 U.S. 1] the exigency of mobility must be assessed at the point immediately before the search—after the police have seized the object to be searched and have it securely within their control. . . . Once police have seized a suitcase, as they did here, the extent of its mobility is in no way affected by the place from which it was taken. Accordingly as a general rule there is no greater need for warrantless searches of luggage taken from automobiles than of luggage taken from other places." (Footnotes omitted.)

In considering the expectation of privacy that is generally associated with luggage, the Supreme Court reasoned, at page 2593 of 99 S.Ct.:

" * * * One is not less inclined to place private, personal possessions in a suitcase merely because the suitcase is to be carried in an automobile rather than transported by other means or temporarily checked or stored. Indeed, the very purpose of a suitcase is to serve as a repository for personal items when one wishes to transport them." (Footnote omitted.)

While summarizing its holding in *Arkansas v. Sanders, supra,* the United States Supreme Court offered this final guidance at page 2594:

" * * * Where—as in the present case—the police, without endangering themselves or risking loss of the evidence, lawfully have detained one suspected of criminal activity and secured his suitcase, they should delay the search thereof until after judicial approval has been obtained. In this way, constitutional rights of suspects to prior judicial review of searches will be fully protected."

■ In the case at bar, Trooper Evans removed Bradford's purse from the automo-

bile in which she had been sitting. He asked her to open the purse, but she steadfastly refused to do so. Evans then opened the purse without first obtaining a search warrant.

■ Certainly a purse serves as a repository of personal items; one who places personal effects in a purse has an expectation that the contents will not be subjected to public examination. The officers had secured control over Bradford's purse. The State has identified none, and we can ascertain no exigent circumstances which would justify an immediate search of the purse without first obtaining a warrant.

■ When Bradford and King were taken to the Ripley County jail, the police inventoried the contents of Bradford's purse. Although Evans and Todd had previously observed the marijuana in the purse, the phencyclidine was first discovered during the inventory.

Our Supreme Court had occasion to consider the issue of inventory searches in the recent case of *Dearing v. State* (1979) Ind., 393 N.E.2d 167. Citing *South Dakota v. Opperman* (1976) 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000, Justice Prentice listed at page 172 of 393 N.E.2d three interests which have been advanced in support of inventory searches:

> " * * * (i) protection of the police from danger; (ii) protection of the police against claims and disputes over lost or stolen property; and (iii) protection of the owner's property while it remains in police custody."

Against the interests listed above must be balanced the individual's interest in privacy.

As stated previously, Bradford unquestionably had a major interest in and expectation of privacy in the contents of her purse. The purse posed no threat to the police; the purse could have been sealed and initialed; the purse could have been placed in a locked container or locked storage room. Contrary to the factual situation in *Dearing v. State, supra,* in the case at bar the inventory was not simply a matter of routine police procedure; the police had reason to believe that the purse contained evidence of a crime because Trooper Evans' earlier unlawful search had made the presence of the marijuana in the purse known to the police. We are constrained to hold that the inventory search amounted to an excessive intrusion.

■ The fruits of a search cannot be used as justification for an illegal search. *Manson v. State* (1967) 249 Ind. 53, 229 N.E.2d 801.

The United States Supreme Court wrote in *Arkansas v. Sanders, supra,* at page 2591 of 99 S.Ct.:

> " * * * because each exception to the warrant requirement invariably impinges to some extent on the protective purpose of the Fourth Amendment, the few situations in which a search may be conducted in the absence of a warrant have been carefully delineated and 'the burden is on those seeking the exemption to show the need for it.' " (Citations omitted.)

*See also Ludlow v. State* (1974) 262 Ind. 266, 314 N.E.2d 750. The State has not met its burden of showing need for the exemption it seeks in the case at bar.

Judgment reversed.

ROBERTSON, P. J., and NEAL, J., concur.