STATE of Indiana, Appellant–Plaintiff,

v.

Rajeena M. NIXON, Appellee–Defendant.

No. 49A02–9202–CR–82.[1]

Court of Appeals of Indiana, First District.

June 15, 1992.

---

1. This case was diverted to this office by order of the Chief Judge on May 26, 1992.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The State of Indiana appeals from the trial court's grant of Rajeena M. Nixon's motion to suppress evidence seized from her purse. We reverse and remand.

## ISSUE

We restate the sole issue on review as:

Did the trial court err in suppressing the marijuana seized from Nixon's purse following the warrantless search of a vehicle in which she was a passenger?

## FACTS

On June 6, 1991, Sergeant Steven Swarm of the Indianapolis Police Department conducted a surveillance at the corner of 38th Street and Sherman Drive in Indianapolis, in response to numerous reports of persons dealing in cocaine and marijuana from that location. A confidential informant ("CI"), who had proven reliable in the past, was assisting Sergeant Swarm.

Sergeant Swarm observed a Nissan Maxima automobile ("Car") pull into the car wash at that location and park near a telephone booth. He saw several individuals, including the CI, approach the Car and talk to the driver, later identified as Roosevelt Harper. Sergeant Swarm observed someone outside the Car reach into the Car and observed movements between Harper and the person outside the Car. Additionally, the CI, who was wired with a transmitting device, informed Sergeant Swarm that he had observed Harper with what looked like small packages of white powder. However, the CI also stated that he saw no money present or exchanged.

Sergeant Swarm radioed for marked police vehicles to come to the area and help investigate. Sergeant Swarm could tell that the Car's driver was a black male, namely Harper; it was Harper whom he observed in what appeared to be a drug transaction.

Officer Clifford Myers arrived on the scene in response to Sergeant Swarm's radio message. Officer Myers approached

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

Tanya Walton–Pratt, Indianapolis, for appellee-defendant.

the Car and ordered its occupants to exit the Car. After Harper and the Car's occupant, later identified as Nixon, exited the Car, Officer Myers and another officer conducted a pat-down search of both. No weapons or contraband were recovered from either Harper or Nixon. Officer Myers continued his search by examining the interior of the Car.

Officer Myers saw a purse on the front passenger floorboard of the Car. The police officers' inquiries revealed that Nixon was the purse's owner. Without Nixon's consent, Officer Myers searched the purse and found a plastic bag containing several smaller bags of marijuana.

At the suppression hearing, Sergeant Swarm testified that he had observed no physical or otherwise direct involvement by Nixon in any illegal activity. Both sides agreed that no warrant or consent to search the purse was obtained. The trial court granted Nixon's motion to suppress, and the State dismissed the charge against Nixon.[2]

The State appeals the grant of Nixon's motion to suppress under IND. CODE § 35–38–4–2.[3] Other relevant facts will be stated in our discussion.

## DISCUSSION AND DECISION

■ The State argues that the trial court erred in granting Nixon's motion to suppress the marijuana recovered from her purse in a search conducted without a warrant or consent. We agree. Both sides cite cases and recent trends which they allege support their positions. We find that the State's arguments are more persuasive and that they adhere more closely to the United States Supreme Court's recent mandates, and thus reverse and remand.

■ The Fourth Amendment's fundamental precept is that individual privacy should not be subjected to unreasonable intrusions by governmental authorities. *Roll v. State* (1985), Ind.App., 473 N.E.2d 161, 164. Every seizure of a person, whether an arrest or an investigative stop, is subject to the Fourth Amendment requirement of reasonableness. *Terry v. Ohio* (1968), 392 U.S. 1, 9, 88 S.Ct. 1868, 1873, 20 L.Ed.2d 889, 899. In determining whether a particular search was reasonable under the Fourth Amendment, the legitimate governmental interest underlying the particular intrusion must be balanced against the degree of intrusion on individual privacy. *Id.*

The recent case of *California v. Acevedo* (1991), — U.S. —, 111 S.Ct. 1982, 114 L.Ed.2d 619, is dispositive of this appeal. In *Acevedo*, the Supreme Court surveyed case law involving vehicle searches and seizures, and clarified the law regarding warrantless searches of vehicles and containers within them. *Id.* at —, 111 S.Ct. at 1991, 114 L.Ed.2d at 634. The Court held that police officers may conduct a warrantless search of a vehicle if their search is supported by probable cause, and the search may extend to containers found within the vehicle without offending the Fourth Amendment's protections. *Id.*

■ A warrantless search is presumed to be unreasonable, unless the State can carry its burden of showing that one of the recognized exceptions applies, such as the existence of probable cause and exigent circumstances. *Caldwell v. State* (1991), Ind., 583 N.E.2d 122, 125; *Robles v. State* (1987), Ind., 510 N.E.2d 660, 664, *cert. denied*, 487 U.S. 1218, 108 S.Ct. 2872, 101 L.Ed.2d 907. Here, although no search warrant was issued, it is undisputed that probable cause existed to conduct a search of the Car. *See* Appellee's Brief at 5.[4]

---

2. Nixon was charged by information with Possession of Marijuana, a Class A misdemeanor under IND. CODE § 35–48–4–11.

3. I.C. § 35–38–4–2 provides that the State may appeal "from an order granting a *motion to* suppress evidence, if the ultimate effect of the order is to preclude further prosecution." I.C. § 35–38–4–2(5). Since Nixon was charged with

possession of marijuana, the suppression of the marijuana seized from her purse effectively precludes prosecution for this offense. *See State v. Pease* (1988), Ind.App., 531 N.E.2d 1207, 1209.

4. Nixon apparently concedes this issue. To the extent that she contends that no probable cause to search the Car existed, she has waived this

 

Nevertheless, we note the ample support for the probable cause determination in that both Sergeant Swarm and the CI had observed behavior stemming from the front seat of the Car which they believed indicated that a drug transaction had occurred. Record at 21–23; 29–30; and, 36–47. Therefore, the warrantless search of the Car was proper. *See id.; Luster v. State* (1991), Ind.App., 578 N.E.2d 740, 743.

 Additionally, the officers were justified in searching Nixon's purse, found in the front seat of the Car, since probable cause existed to search the Car, and such searches may lawfully extend to containers found within the Car. *See Acevedo,* —— U.S. at ——, 111 S.Ct. at 1991, 114 L.Ed.2d at 634 (where probable cause exists to believe contraband or evidence contained within vehicle or container, police may properly search vehicle and containers within it).[5] Swarm's and the CI's observations of the movements in the front seat of the car and the white packets, coupled with their knowledge of the ways in which drug sales occur from vehicles, provided the probable cause necessary to effectuate a warrantless, but lawful search of both the Car and also Nixon's purse contained within the Car. *See Luster,* 578 N.E.2d at 745 (when supported by probable cause, warrantless search of vehicle may extend to every part of vehicle where objects of search might be concealed).

We note that Nixon's reliance on *Bradford v. State* (1980), Ind.App., 401 N.E.2d 77, *trans. denied,* and *Berry v. State* (1991), Ind.App., 574 N.E.2d 960, *trans. denied,* in urging affirmance, is misplaced. *Bradford,* in which we held that the warrantless search of a purse recovered from a vehicle was improper, while decided correctly under the prevailing law in 1980, is clearly outdated in view of *Acevedo. Berry* involved a factually distinguishable situation from that in the case at bar, because, as Nixon points out, consent was given to search the vehicle for the automobile's registration and in the course of that search, drugs were discovered. *Berry,* 574 N.E.2d at 965. Thus, our reasoning in *Berry* is inapplicable to the facts presented in the case at bar.

In light of the Supreme Court's recent developments in widening the parameters of permissible warrantless searches of vehicles and containers found therein, we find that the trial court erred in suppressing the marijuana found in Nixon's purse. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

ROBERTSON and BARTEAU, JJ., concur.

---

claim for a failure to present cogent argument. *See* Ind. Appellate Rule 8.3(A)(7).

**5.** Nixon presents a rather disingenuous argument that because the Car was parked and not moving when the alleged drug transaction occurred, the vehicle was not mobile and thus could not be searched without a warrant. Appellee's Brief at 5. However, the Car was definitely mobile, since it is undisputed that the Car was still operable and was merely temporarily parked in the parking lot. *See Luster v. State* (1991), Ind.App., 578 N.E.2d 740, 745 (exigent circumstances justifying warrantless search presumed from fact that automobile readily movable and that evidence contained in automobile can be easily moved or destroyed).