STATE OF INDIANA EX REL. LAWRENCE *v.* MORGAN CIRCUIT COURT ET AL.

[No. 0-838. Filed November 15, 1967.]

*Marvin Leo Lawrence, pro se.*

PER CURIAM.—Petitioner has filed on August 2, 1967 a verified petition for writ of mandate with the Clerk of this Court.

His motion for appointment of counsel was denied under Cause No. 0-823 by this Court in an opinion reported as *In re Petition of Marvin Leo Lawrence* at 224 N. E. 2d 512 (1967). Much of the history of his case is set out therein. It appears that this case has had the following chronology since the opinion of March 14, 1967:

> March 21, 1967—*Pro se* request to trial court for appointment of appellate counsel.
>
> June 21, 1967—*Pro se* motion for trial court to rule on request for counsel.
>
> June 22, 1967—Trial court denied request for appointment of appellate counsel.

Now Petitioner asks that this Court direct the trial court to sustain his petition for appointment of counsel filed in the trial court on March 21, 1967. This Court finds that the duty of the trial court to provide petitioner with appellate counsel has been discharged in this case by two prior appointments of appellate counsel as set out in the last paragraph of *In re Petition of Marvin Leo Lawrence, supra,* p. 513.

Petitioner cites the recent U. S. Supreme Court case of *Anders* v. *California* 386 U. S. 738, 18 L. Ed 2d 493, 87 S. Ct. 1396 (1967) to support his assertion that the trial court has a duty to appoint additional successive appellate counsel. This Court will not regard newly announced constitutional principles as having retroactive effect unless they are made retroactively plainly and unequivocally by the United States Supreme Court, *State* v. *Gurecki* 247 Ind. 218, 214 N. E. 2d 392, 394, (1966). The *Anders* case was decided on May 8, 1967, and since the United States Supreme Court did not expressly make the decision retoactive, it has no application to a case where the trial in which error is alleged to have occurred was concluded before May 8, 1967. The conviction in this case was on April 7, 1964, and therefore this petition is denied.

NOTE.—Reported in 234 N. E. 2d 498.