Lisa JOHNSON, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 3–880A233.

Court of Appeals of Indiana,
Third District.

Dec. 18, 1980.

Donald C. Swanson, Jr., Fort Wayne, for defendant–appellant.

Theo. L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for plaintiff–appellee.

GARRARD, Presiding Judge.

Johnson waived jury trial. The court convicted her of theft and carrying a handgun without a license. We affirm as to theft and reverse as to the handgun count.

The state's evidence revealed that Johnson and another woman entered the Foxy Lady Boutique about 3:00 p. m. on October 5, 1979. Johnson went to the dressing room to try on some clothing while her companion engaged the sales person in conversation. The sales person, Ms. Ponczak, testified that she turned and observed Johnson grab additional clothing and take it into the dressing room. She then saw Johnson's companion take an item off a hanger and stuff it into her purse. When Johnson came out of the dressing room Ms. Ponczak confronted her and retrieved several items belonging to the boutique from a brown tote bag that Johnson was carrying.

Ms. Ponczak did not attempt to stop the women from leaving the store. However, she immediately called the police and gave

a description of the women and their automobile. Shortly thereafter the police located, pursued and stopped the vehicle and Johnson was arrested.

■ Johnson first argues error in admitting the tote bag and a photograph of it into evidence without adequately establishing a chain of custody. The argument is ill founded since the bag was positively identified and not subject to tampering or substitution. *See, e. g., Bruce v. State* (1978), Ind., 375 N.E.2d 1042. Nor do we find harmful error in the fact that the photograph also showed Johnson's purse and gun, although these items were not identified until the later testimony of the police officers. No specific objection was made addressing these items which were also depicted. Moreover, the case was tried by the court and we may presume the judge properly considered the evidence.

■ Contrary to Johnson's assertion, we also find that the evidence was ample to support the conclusion that Johnson intended to deprive the boutique of the items of clothing. Johnson's citation to IC 35–43–4–4(c) is inapposite. That an inference might be drawn if Johnson had passed the cash register does not operate to preclude an inference of intent because she was stopped before she reached it. Here the evidence was ample to provide a reasonable inference that she intended to deprive the boutique of items placed in the tote bag. *Cf.* IC 35–43–4–4(b).

■ However, a different question is presented concerning the firearm charge. The evidence was undisputed that when Johnson was stopped by the police she got out of the car and upon police command dropped the bag and purse on the ground. The officer placed the purse and bag on the trunk of the police car and searched them, but found nothing. He placed Johnson under arrest, handcuffed her and placed her in the police car. Some ten or fifteen minutes later he again searched the purse and dis-

covered the handgun which formed the basis for the charge. At trial Johnson objected to the evidence concerning the handgun on the basis that the second warrantless search was in violation of her constitutional rights against unreasonable searches and seizures.

The authorities sustain this position. It must be remembered that the general rule is that police must obtain a warrant. Search without a warrant based upon exigent circumstances is the exception. Thus, both our court and the United States Supreme Court have held that where items such as a purse or suitcase (items in which a citizen has a considerable expectation of privacy) are seized and secured by the police, a warrant to search them is necessary. *Arkansas v. Sanders* (1979), 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235; *Bradford v. State* (1980), Ind.App., 401 N.E.2d 77. It was thus error to permit the evidence derived from the second search to be admitted over Johnson's timely objection.

We therefore affirm the conviction for theft and reverse and remand the conviction for carrying a handgun without a license.

HOFFMAN, J., concurs.

STATON, J., concurs and files separate opinion.

STATON, Judge, concurring.

I concur with the majority's conclusion that the conviction for carrying a handgun without a license should be reversed. The search which revealed the handgun was not conducted substantially contemporaneous with the arrest so that it could be considered a search incident to the arrest. *U. S. v. Garcia* (7th Cir. 1979), 605 F.2d 349, cert. den., 446 U.S. 984, 100 S.Ct. 2966, 64 L.Ed.2d 841.

The tote bag and its contents had been reduced to the exclusive control of the police. Any immediate danger to the arresting officers had been neutralized for over

fifteen minutes. As the United States Supreme Court noted in *U. S. v. Chadwick* (1977), 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538:

> "Once law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest."

97 S.Ct. at 2485.