Richard Earl BATTLE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 180S13.

Supreme Court of Indiana.

Jan. 19, 1981.

**40**

Nick J. Thiros, Merrillville, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Richard Earl Battle, was convicted by a jury of felony-murder, Ind. Code § 35–13–4–1 (Burns 1975), and conspiracy to commit robbery, Ind. Code § 35–1–111–1 (Burns 1975). He was sentenced to terms of fifteen to twenty-five years and two to fourteen years to be served concurrently. His direct appeal raises the following issues:

1. Whether the trial court erred in denying defendant's pretrial motions for discharge;

2. Whether the trial court erred in denying defendant's pretrial motion to suppress and in admitting defendant's confession into evidence; and

3. Whether the trial court erred in refusing to give one of the defendant's tendered instructions and giving instead one of the state's final instructions.

A summary of the facts most favorable to the state and necessary for a consideration of the above issues shows that the victim, Alvin Jackson, was shot and killed while leaving a liquor store in Gary, Indiana, in the early morning hours of March 14, 1975. An employee of the liquor store, Alberta Redmon, was abducted at this time in the victim's automobile, taken to another location and sexually assaulted. Defendant was charged with three others with the murder and robbery of Jackson and was positively identified by Redmon as one of the participants.

## I.

Defendant first contends that he was entitled to discharge on both counts under Ind.R.Crim.P. 4(A) and 4(C). He argues that he was held in jail without a trial longer than the six-month period allowed under subsection 4(A) and that he was not brought to trial within the one-year period contemplated under subsection 4(C).

We will first deal with Ind.R.Crim.P. 4(A). As we have clearly stated in the past, the language of this rule requires release after the six-month period and not a discharge. The rule does not preclude prosecution unless there is a violation of the one-year limitation of Ind.R.Crim.P. 4(C). *Collins v. State*, (1977) 266 Ind. 430, 364 N.E.2d 750; *Lewis v. State*, (1976) 264 Ind. 288, 342 N.E.2d 859. Since the period when defendant would have been entitled to be released has expired, any alleged violation of subsection (A) raises no question for review on this appeal.

Defendant also alleges a violation of the one-year limitation in subsection 4(C). The charges in this case were originally filed on March 19, 1975. However, defendant agrees that there was a period of three years with several delays chargeable to him. During this time, motions of incompetency were filed, a period of commitment to the Indiana Department of Mental Health was served, and finally a written plea agreement was executed from which a petition for post-conviction relief was filed. Both parties agree that the starting point for evaluating the time period is February 16, 1978, the date on which the trial court granted post-conviction relief and ordered a new trial. Defendant was not brought to trial after this until April 6, 1979, and contends that this period of almost fourteen months violates subsection 4(C).

We find no merit to this argument since defendant's own actions were the cause of considerable delay during this time. Defendant filed a motion to suppress on June 12, 1978. He requested a continuance on July 24, 1978, in order to further prepare for the evidentiary hearing which had been scheduled on this motion. The continuance lasted until August 15, 1978. At that time, there was an extensive evidentiary hearing on the motion to suppress which could not be completed in one day. Further hearings on this motion were held in September, November, and December. The motion to suppress was overruled on February 13, 1979, and the case was then set for trial.

The record shows that the interim continuances during the evidentiary hearings on the motion to suppress were granted on the trial court's motions due to a congested court calender or as a result of defense counsel's other trial commitments. These delays were clearly the result of defendant's actions in filing his motion to suppress and requesting full evidentiary hearings on it prior to trial. As stated by the rule, the time limitations therein shall be extended by the period of any delay caused by defendant's acts. Ind.R.Crim.P. 4(F). *Bradberry v. State*, (1977) 266 Ind. 530, 364 N.E.2d 1183; *Gross v. State*, (1972) 258 Ind. 46, 278 N.E.2d 583. Therefore, since several months of the delay were attributable to defendant, there was no violation of Ind.R.Crim.P. 4(C), and the motions for discharge were properly overruled.

Defendant further argues that count II had been pending since its initial filing on March 19, 1975, in violation of both subsections 4(A) and 4(C). There is no merit to this contention since any delays which affect count I also affect this count, even though this count was dismissed as part of the plea bargain agreement accepted by the trial court in April, 1977. The count was refiled when the new trial was granted on February 16, 1978. The delays prior to the filing of the written plea bargain agreement were attributable to defendant's actions in filing a motion of incompetency to stand trial. Delays after this period were also attributable to defendant because of his actions in filing for post-conviction relief and then in filing other pretrial motions as discussed above. We find no error here.

## II.

Defendant next contends that the trial court erred in denying his motion to sup-

press his confession and in subsequently admitting the confession into evidence at trial. He argues that this confession was the product of an illegal, warrantless arrest and an unlawful detention and was not freely and voluntarily given.

We first turn to the question of the allegedly illegal arrest. It has been clearly established in Indiana that a police officer may arrest an individual without a warrant when the officer has reasonable and probable cause to believe that the person has committed a felony. *Smith v. State*, (1979) Ind., 397 N.E.2d 959; *Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144. Probable cause exists when at the time of the arrest the officer has knowledge of facts and circumstances which would warrant a man of reasonable caution and prudence to believe the defendant committed the criminal act in question. *Gaddis v. State*, (1977) 267 Ind. 100, 368 N.E.2d 244.

In the instant case, the police knew that a homicide had been committed. An eyewitness, Alberta Redmon, gave police an oral account of the incident and a general description of the perpetrators. She later picked out defendant's photograph from a group of photographs shown to her by police and advised police that defendant was definitely one of the assailants and had been in the liquor store several times earlier on the evening of the crime. On the basis of this information, three police officers went to defendant's home to talk to him. They did not obtain a warrant at that time because they felt the incident was still under investigation and they needed more information regarding defendant and the other participants involved. They were admitted voluntarily to defendant's home and while they were questioning him and other individuals present they saw a gun and narcotic paraphernalia lying on a table. Defendant was then placed under arrest for narcotics, weapons and homicide. Under these circumstances, the officers had probable cause to believe defendant had committed a felony and were justified in making an immediate arrest without benefit of a warrant.

Defendant next argues that his confession was inadmissible because it was the product of an illegal detention since he was not immediately taken before a neutral magistrate. It is well settled in Indiana that a delay in bringing a defendant before a magistrate does not make a confession inadmissible as a matter of law, but it is one of the factors to be considered in determining the admissibility of a confession. *Carpenter v. State*, (1978) Ind., 383 N.E.2d 815; *Murphy v. State*, (1977) 267 Ind. 184, 369 N.E.2d 411. In the instant case, defendant was arrested at approximately 3:15 p. m. on a Friday afternoon and was booked about one hour and fifteen minutes later. He was advised of his rights on several occasions. He gave his voluntary statement to police at approximately 1:00 p. m. on Sunday afternoon when he had been detained under forty-eight hours. Our statute allows for a period of detention of forty-eight hours when a weekend is involved. Ind. Code § 18-1-11-8 (Burns 1980 Supp.). Therefore, no violation of the statute had occurred when defendant gave his statement.

We next turn to the question of the admissibility of the confession. This question is controlled by determining from the totality of circumstances whether or not the confession was given voluntarily and not through inducement, violence, threats or other improper influences so as to overcome the free will of the accused. *Arch v. State*, (1978) 269 Ind. 450, 381 N.E.2d 465; *Pawloski v. State*, (1978) 269 Ind. 350, 380 N.E.2d 1230. The question of voluntariness is one for the trial court. We review the question on appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial evidence of probative value to support the trial court's finding. This is true even though conflicting evidence is presented to the trial court on the issue of voluntariness. *Arch v. State, supra; Riggs v. State*, (1976) 264 Ind. 263, 342 N.E.2d 838.

In the case at bar, the record shows that defendant was arrested with probable

cause and was advised of his rights on several occasions. He was questioned on the day of his arrest and the following day, but he gave no statements. Then on the second day following his arrest defendant asked several times to talk to the officer in charge of the investigation of his case. He was taken to the detective bureau around 1:00 p. m. He attempted to find out what information his accomplices had given regarding the incident. Then he said he wanted to give a statement. Officer Taylor responded that that wasn't really necessary because he already had enough information from the others. Defendant then said he wanted to tell his side of the story.

The record shows that the police, at that time, again read defendant's rights to him and he was given an opportunity to read them as well. He stated that he had no questions about his rights and that he was familiar with the waiver of rights form. He filled in the necessary blanks on the form himself. He did not ask for an attorney prior to or during the taking of the statement. After the typing of the statement had begun, defendant volunteered to type the narrative himself. When the narrative portion of the statement was complete, defendant reviewed it and then signed it. Testimony revealed that no physical force or intimidation was used, no threats or inducements were made, no promises were given in exchange for the statement, and defendant was not told what to put in the statement. We find that there was substantial evidence to support the trial court's finding of voluntariness.

### III.

Defendant finally contends that the giving of final instruction No. 9 was prejudicial in that it emphasized the existence of the confession and removed the question of voluntariness from the jury. The court's instruction was as follows:

"You are instructed that the court has determined as a matter of law that the confession of Richard Earl Battle was voluntarily made and therefore admissable [sic] as evidence against him. You,

the jury, may, upon hearing evidence as to the voluntariness of the confession give such weight to the confession as you, the jurors, feel it deserves under all the circumstances."

We agree that this instruction is confusing. Only the last sentence is required to be given under our statute, Ind. Code § 35–5–5–1 (Burns 1979 Repl.). However, we do not find that defendant's tendered instruction on this issue properly stated the law, either, and it was therefore properly refused.

Our statute concerning the admissibility of confessions states in pertinent part, Ind. Code § 35–5–5–1, *supra:*

"If the trial judge determines that the confession was voluntarily made, it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

A more appropriate instruction under this statute was approved in *Jones v. State,* (1977) 266 Ind. 349, 363 N.E.2d 959. In the instant case, however, in view of the clear evidence of defendant's guilt, aside from his own statements, we do not believe that he was prejudiced. It is well settled that errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Grey v. State,* (1980) Ind., 404 N.E.2d 1348; *Carter v. State,* (1977) 266 Ind. 196, 361 N.E.2d 1208; *Pinkerton v. State,* (1972) 258 Ind. 610, 283 N.E.2d 376.

We do not find that the instruction given by the trial court emphasized the existence of a confession to such an extent as to amount to an argument of a particular phase of the case. *Jones v. State, supra.* The jury heard testimony regarding the circumstances surrounding the giving of the statement. Defendant was positively identified as one of the perpetrators of the crime by an eyewitness. In light of this and the trial court's general instructions on

weighing the evidence and judging credibility, we believe that the defendant suffered no prejudice to his substantial rights. We find no reversible error here.

For all of the foregoing reasons, there was no reversible error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.