John Foster FYOCK, Appellant,

v.

STATE of Indiana, Appellee.

No. 682S243.

Supreme Court of Indiana.

June 29, 1982.

Gregory L. Fumarolo, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Michael Gene Worden, Deputy Attys. Gen., Indianapolis, for appellee.

## TRANSFER FROM COURT OF APPEALS

GIVAN, Chief Justice.

Appellant was charged on a one-count information with possession of a Controlled Substance. He was convicted in a bench trial and sentenced to a two year term of imprisonment.

The Court of Appeals reversed his conviction. *Fyock v. State*, (1981) Ind.App., 428 N.E.2d 58. In reversing the conviction, the Court of Appeals held a search of appellant's car was invalid and thus the fruits of the search were tainted and could not be used as evidence upon retrial. The State

petitions to transfer to this Court under Ind.R.App.P. 11(B). In its petition the State alleges the Court of Appeals erred only with regard to the question of whether a recently decided United States Supreme Court case on search and seizure, *Belton v. New York*, (1981) 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768, should be retroactively applied in this case. The Court held the case should not be retroactively applied here.

In consideration of the retroactive application question, the Court of Appeals assumed that *Belton* decided a new question of law and that to apply *Belton* would amount to *ex post facto* ruling.

■ First, we believe the Court of Appeals erred in relying on *State ex. rel. Lawrence v. Morgan Circuit Court*, (1967) 249 Ind. 115, 234 N.E.2d 498, to conclude the *Belton* case should not be retroactively applied in the case at bar. In *Lawrence, supra,* we expressed our reluctance to "regard *newly* announced constitutional principles as having retroactive effect unless they are made retroactively [sic] plainly and unequivocally by the United States Supreme Court." (Emphasis added.) 249 Ind. at 116, 234 N.E.2d at 498. We do not regard the *Belton* case as enunciating a "new" constitutional principle. A careful reading of that case shows the United States Supreme Court considered the decision as one that elaborated on the validity of searches incident to lawful custodial arrests, when the arrestee was the recent occupant of an automobile. The Court said:

"[N]o straightforward rule has emerged from the litigated cases respecting the question involved here—the question of the proper scope of the search of the interior of an automobile incident to a lawful custodial arrest of one of its occupants.

\* \* \* \* \* \*

"While the *Chimel* case established that a search incident to an arrest may not stray beyond the area beyond the immediate control of the arrestee, the courts have found no workable definition of 'the area

within the immediate control of the arrestee' when that area arguably includes the interior of an automobile and the arrestee is its recent occupant . . . . In order to establish the workable rule this category of cases requires, we read *Chimel's* definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. 454, 101 S.Ct. at 2863–64, 69 L.Ed.2d at 774–75.

We believe the foregoing language from the *Belton* case establishes the Court only sought to explain and elaborate on the "search incident to an arrest" exception developed in *Chimel v. California*, (1969) 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. The Court in *Belton, supra*, did not overrule any ruling precedent in the area of search and seizure or establish a "new" constitutional principle. Rather the decision serves only to elaborate on what was already a well settled principle of law; that search warrants are not required under the Fourth Amendment before a police officer may search "the area within the immediate control of the arrestee." Though concededly the *Belton* case interprets the Fourth Amendment and the cases construing it in a fact situation not precisely the same as has ever been presented to the Court before, this is not the same as deciding a "new" constitutional principle. There is necessarily an element of uniqueness in any case where the issue and its resolution does not square "on all fours" with prior decisions. To hold, however, that any issue whose resolution is not "on all fours" with a prior case is a decision announcing a "new" constitutional principle overextends the meaning of the term. If that view is adopted, almost every case involving a constitutional issue announces a "new" constitutional principle. We hold *State ex. rel. Lawrence, supra*, does not apply in this case to prohibit the application of the *Belton* decision in the case at bar.

We hold the question of retroactive application of *Belton* is not an issue. The decision, in that case, was not "new" law. *Belton* is merely additional authority for, and application of, well established principles of law. The decision in the case at bar would be the same if *Belton* had never been decided. Since there is no retroactive issue, of course, there is no issue of *ex post facto* application.

The State's Petition to Transfer is granted; the decision of the Court of Appeals is vacated; the trial court is affirmed.

The record discloses the following facts. On the night of June 29, 1980, Roger Ember, an off-duty Fort Wayne police officer, observed a subject remove an object from the gas tank area of a parked car. The subject then carried this object, later identified as a "sock type thing", to the driver's window of the same car from which the object was obtained. Appellant was seated in the driver's seat. As Ember approached the vehicle, he noticed there were three other occupants of the car. They were passing a cigarette among them. Ember detected the aroma of marijuana coming from the car. Ember then saw appellant handling his wallet and saw the subject pass the sock into the car. Ember immediately approached the car, grabbed the suspect, identified himself as a police officer, and notified appellant and the subject standing outside the car they were under arrest. Ember then observed a package of what he believed to be marijuana sitting on the front seat next to appellant.

Immediately after Ember identified himself, Fyock quickly started the car's engine and put it in gear. At the same time, the subject and the three passengers fled the scene. As appellant began to move the car forward, Officer Ember pulled his gun and ordered him to stop. Ember then pulled appellant from the car and patted him down, finding no weapons or contraband. As other officers arrived on the scene, appellant was handcuffed. One of the officers then looked into the car and observed two sweatsocks lying on the rear passenger

floor. One of the socks obviously contained some sort of object. The officer opened the sock and found what was later identified as tablets of methaqualone.

Appellant claims the trial court erred in overruling his Motion to Suppress the evidence gathered in the search of his car following his arrest. Appellant contends his warrantless arrest was invalid; therefore, under *Wong Sun v. United States*, (1963) 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, the fruits of the search resulting from the invalid arrest are inadmissible as evidence.

■ I.C. 35–1–21–1 [Burns' 1979 Repl.], authorizes a warrantless arrest of any person found violating a state statute. A police officer may arrest an individual without a warrant when the officer has reasonable and probable cause to believe the person has committed a felony. *Battle v. State*, (1981) Ind., 415 N.E.2d 39; *Smith v. State*, (1979) Ind., 397 N.E.2d 959; *Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144. In the *Battle* case we stated:

"Probable cause exists when at the time of the arrest the officer has knowledge of facts and circumstances which would warrant a man of reasonable caution and prudence to believe the defendant committed the criminal act in question." *Battle, supra*, at 415 N.E.2d at 42.

■ In the case at bar there was evidence from which the trier of fact could conclude the officer had probable cause to believe he was witnessing the commission of a felony; namely, the possession of some controlled substance. Given the nature of the conduct of the parties as above recited, there was ample evidence to support the decision of the trial court that the officer was justified in concluding a drug transaction or sale of some sort of contraband was taking place. In the case of *Taylor v. State*, (1980) Ind., 406 N.E.2d 247, we held that suspicious operation of a vehicle was sufficient to justify a warrantless arrest and search of the subject's car. In that case we stated:

"The officer was discharging a legitimate investigative function when he decided to approach the occupants of the car. The governmental interest in effective crime prevention and detection underlies the recognition that a police officer may, in appropriate circumstances and in an appropriate manner, approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." *Id.*, at 406 N.E.2d at 250.

Thus, even though probable cause to effect an arrest may not exist at the time the investigation commences, this does not mean that probable cause to effect an arrest may not develop during a legitimate investigation of suspicious activity. In the case at bar the officer's legitimate suspicion and his investigation of the incident quickly ripened into a full-fledged probable cause to effect an arrest without a warrant. In addition as the officer progressed with his investigation appellant attempted to flee the scene. The above cases clearly indicate the evaluation of whether probable cause exists to make an arrest is to be made at the time of the arrest and is to consider all the facts and circumstances known to the arresting officer at that time. *Battle, supra; Smith, supra*. We hold there is ample evidence in this record to support the trial court's finding that the fruits of the search of appellant's car are not rendered inadmissible as evidence because of any impropriety in appellant's arrest.

Appellant claims the trial court erred in admitting over his objection the evidence seized following his arrest. He contends the search and seizure was unreasonable and in contravention of the Fourth Amendment to the United States Constitution.

In analyzing the events to determine the reasonableness of this search, we first observe there are two searches involved in this case. One is the search of the car appellant was driving, which led to the discovery of the sock containing some object. The second search was conducted when the officer turned the sock inside out, thus revealing the drugs used as evidence at appellant's trial. Appellant concedes the search ·of the car was valid. He attacks the open-

ing of the sock as being an invalid search, citing *Johnson v. State*, (1980) Ind.App., 413 N.E.2d 335, and *United States v. Chadwick*, (1977) 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538. He contends the cited cases stand for the proposition that the warrantless search of personal property not immediately associated with the person of the arrestee is unreasonable once that property has been reduced to the exclusive control of the police. He argues since he was handcuffed and in the presence of several police officers at the time the search was conducted the property was reduced to the exclusive control of the police. Thus, he concludes, a warrant was required to search the sock.

■ It is clear when items are taken from the possession of a defendant without a warrant the burden is on the State to show the search and seizure fell within one of the exceptions to the warrant requirement of the Fourth Amendment. *Chimel v. California*, (1969) 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; *Smith v. State*, (1971) 256 Ind. 603, 271 N.E.2d 133.

In the case at bar the evidence clearly shows that at the time the officers looked in the sock recovered from the floor of the back seat of the car, it was out of the control of the arrestee who was handcuffed and in the presence of five or more police officers. However, there are cases holding that there is "an automobile exception" to the warrant requirement in certain cases. In *Carroll v. United States*, (1925) 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, the United States Supreme Court upheld the warrantless search of a car, where the searching officers had probable cause, through a tip from a reliable informant, to believe the car was being used to transport contraband liquor. The Court recognized the practical difficulty inherent in securing warrants to search movable conveyances. The Court then set out the circumstances under which the warrantless search of such a movable conveyance may be made:

"[T]hose lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a com-

petent official authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise." *Id.* at 154, 45 S.Ct. at 285, 69 L.Ed. at 552.

In subsequent cases the Court has recognized that where there is probable cause to believe an automobile contains the fruits or instrumentalities of a crime, the inherent mobility of the automobile combines to justify a warrantless search. *See, Chambers v. Maroney*, (1970) 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *Dyke v. Taylor Implement Mfg. Co.*, (1968) 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538, *Brinegar v. United States*, (1949) 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; *Husty v. United States*, (1931) 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629. This Court has recognized the automobile exception in many cases. *See, Rogers v. State*, (1979) Ind., 396 N.E.2d 348; *Henry v. State*, (1978) 269 Ind. 1, 379 N.E.2d 132; *Montague v. State*, (1977) 266 Ind. 51, 360 N.E.2d 181; *Brown v. State*, (1976) 264 Ind. 484, 346 N.E.2d 559; *Luckett v. State*, (1972) 259 Ind. 174, 284 N.E.2d 738; *Isaac v. State*, (1971) 257 Ind. 319, 274 N.E.2d 231.

In *Henry, supra*, the police had probable cause to arrest the defendant on a narcotics offense and to believe the defendant had narcotics in his car in which he was riding. Following the defendant's arrest immediately after he had sold narcotics to an undercover officer, police searched the car. In this warrantless search they discovered a cigarette package on the floor in the passenger compartment. An informant had told police the defendant usually carried heroin in a cigarette package. They opened the package and discovered heroin. This heroin was admitted into evidence over the objection of the defendant.

This Court held the fruits of the warrantless search of the car were admissible as evidence. We recognized the search in that case "could not in any event be justified as incident to a lawful arrest, as items within the car at the time of the search were not in an area under appellants' control." 269 Ind. at 9, 379 N.E.2d at 137. However, we continued as follows:

"[U]nder certain circumstances the United States Supreme Court has sanctioned, as consistent with Fourth Amendment standards, the search of a car upon probable cause to believe that it contains seizable contraband or evidence of a felony .... The evidence to support the existence of probable cause is that Wilder, the informant, told Officer Lopez that Henry customarily carried his sale goods in a cigarette package. He also described the kind of car in which Henry would arrive. When Wilder's information that Henry would be prepared to sell to Lopez proved true, Lopez had probable cause to believe Henry was carrying extra heroin in a cigarette package, and when such heroin was not found on Henry's person, the police had probable cause to believe that it would be in the car." *Id.* at 9–10, 379 N.E.2d at 137.

The same situation prevails in the case at bar.

■ In this case as in the *Henry* case, not only was the car searched but an item found within the car was also searched. In the *Henry* case, the officer had probable cause to believe not only that the car contained contraband but also that the item turned up in the search of the car contained contraband. This belief was supported by a tip from a reliable informant. In the case at bar, probable cause was based on the personal observations of the police officer as above recited. We hold there is ample evidence in this record from which the trier of fact could find that the officer had probable cause to believe the sock contained contraband. Thus, the warrantless search of the sock was justified.

Appellant cites *Johnson, supra,* in support of his contention that the search was improper. In the *Johnson* case the Court of Appeals held a search of defendant's purse without a warrant was improper fifteen minutes after appellant had been arrested and restrained. Those facts do not parallel the facts in the case at bar.

Appellant also cites *United States v. Chadwick, supra,* in support of the assertion the search here was improper. In *Chad-wick,* federal agents without a warrant searched a footlocker removed from a car in which Chadwick was riding. The agents had probable cause to believe the footlocker contained narcotics. The search was conducted an hour after Chadwick had been arrested and placed into custody. The Court held the warrantless search was unreasonable. However, in reaching this result the Court focused on the privacy expectations an arrestee might entertain with regard to an item like a footlocker:

"The factors which diminish the privacy aspects of an automobile do not apply to respondents' footlocker. Luggage contents are not open to public view .... Unlike an automobile, whose primary function is transportation, luggage is intended as a repository of personal effects. In sum, a person's expectations of privacy in personal luggage are substantially greater than in an automobile." 433 U.S. at 13, 97 S.Ct. at 2484, 53 L.Ed.2d at 549.

■ It requires tortuous reasoning to conclude the arrestee in the case at bar entertained anything resembling a reasonable privacy expectation in the sock. We recognize privacy expectations in luggage are substantial enough to require warrants to search such objects, absent exigent circumstances necessitating an immediate search under the search incident to an arrest exception. However, we cannot accept the notion appellant could entertain reasonable or substantial privacy expectations with regard to an item such as a sock. We hold the facts in the case at bar do not come within the Fourth Amendment protection in that they do not meet "a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as 'reasonable.'" *Katz v. United States,* (1967) 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576, 588. (Harlan, J., concurring.)

We hold the warrantless search of both the car and the sock turned up in the search of the car were reasonable within the meaning of the Fourth Amendment. The evi-

dence so obtained was properly admitted by the trial court.

Appellant claims the trial court erred in denying his oral motion for judgment on the evidence. He contends there is no evidence beyond a reasonable doubt that he knowingly or intentionally possessed a controlled substance.

In reviewing the evidence this Court neither reweighs the evidence nor judges the credibility of witnesses. Rather, we look to the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom. If there is evidence of probative value from which the trier of fact could reasonably find the existence of each element of the offense, the verdict is affirmed. *Burr v. State*, (1980) Ind., 403 N.E.2d 343; *Norris v. State*, (1979) Ind., 394 N.E.2d 144.

Conviction on a possession of a narcotics offense may rest upon proof of either actual or constructive possession. Constructive possession is shown where there is an intent and a capability to maintain dominion and control over the narcotics. The intent to possess is proved by evidence of the accused's knowledge of the nature of the substance and its presence. *Thomas v. State*, (1973) 260 Ind. 1, 291 N.E.2d 557. The intent may be inferred from the exclusive possession of the premises, or in the absence of exclusive possession, from the presence of additional circumstances. *Ledcke v. State*, (1973) 260 Ind. 382, 296 N.E.2d 412.

In the case at bar we find the evidence introduced, and the reasonable inferences that may be drawn therefrom, are sufficient to sustain a finding appellant had the intent and capability to exert dominion and control over the drugs. We hold it is reasonable to infer from the facts stated that appellant was paying for the drugs and thereby intended to exert dominion and control over them. We also hold it is reasonable to infer one would not pay for merchandise unless he knew what he was buying. Therefore, we have no difficulty in accepting the conclusion of the trial court that appellant was aware of the nature of the goods he was buying and that he knew the drugs were in the car. We hold the evidence is sufficient to sustain the conviction.

Appellant claims he has a defense to the charge under I.C. 35–41–2–1 [Burns' Repl.1979]. The pertinent part of this statute reads as follows:

"(b) If possession of property constitutes any part of the prohibited conduct, it is a defense that the person who possessed the property was unaware of his possession for a time sufficient for him to have terminated his possession."

Although this language when read literally is not workable, it is we believe easy to ascertain the intent of the legislature to state a defense if a person unknowingly gains possession then after having become aware of his possession does not have sufficient time to terminate it. However, even with this interpretation of the statute, we hold under the facts as above recited appellant cannot avail himself of such a defense. In the case where the evidence or inferences drawn therefrom indicate the possessor took affirmative action to acquire the property it defies logic to allow him to assert at the same time that he was unaware of his possession. We hold there is evidence from which a reasonable inference can be drawn to support a finding that appellant acted affirmatively to acquire the property. We further hold he is therefore precluded from using the defense we have construed to exist in I.C. 35–41–2–1 [Burns' 1979 Repl.].

The decision of the Court of Appeals is hereby vacated, and the trial court is in all things affirmed.

All Justices concur.