Lowell B. JONES, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4–1183A370.

Court of Appeals of Indiana, Fourth District.

Aug. 28, 1984.

Donald C. Swanson, Jr., Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant-appellant Lowell B. Jones (Jones) appeals his jury conviction of theft, a class D felony, IND.CODE 35–43–4–2(a).

We affirm.

ISSUES

Jones raises four issues:

1. Were items found on Jones's person and in the van products of an unlawful search and therefore erroneously admitted into evidence?

2. Was the evidence sufficient to support the conviction?

3. Did a material variance exist between the information and the proof at trial?

4. Was the jury's verdict omitting the phrase "as charged in the information" contrary to law?

FACTS

Officers Burkart and Adams (officers) were in their squad car patrolling an area near a grocery store at 3:00 A.M. As the officers were preparing to leave the store's parking lot, a van, driven by Jones, passed them and entered the same parking lot. The van proceeded erratically, running over the curb as it entered the lot. It bore the name "Pembleton Electronics". The officers turned back into the parking lot to follow the van. Jones parked the van and went into the grocery store. The only other occupant of the van (Turner) got out as the officers approached on foot.

As Turner opened the passenger door, the officers saw a broken front vent window and a "punched out" ignition with wires hanging down tied together. They ran a license plate check on the vehicle. It indicated the vehicle belonged to Pembleton Electronics. The officers then instructed the dispatcher to contact the owner of Pembleton Electronics. They detained and questioned Turner and Jones, when he came out of the store shortly afterward.

The officers searched Jones's person, finding a pair of wire cutters and vice grips. A prybar, crescent wrench and butcher knife were found behind the seat on the floor of the van. The dispatcher notified the officers the van's owner had filed a stolen vehicle report. The officers then arrested Turner and Jones.

DISCUSSION AND DECISION

*I. Unlawful Search*

Jones first contends the officers unlawfully searched his person and the van. Thus, the items found were erroneously admitted into evidence. Jones specifically claims the search of the van exceeded the scope of a search incident to arrest. We disagree. Neither the search of Jones nor of the van was unlawful.

▮ Both the United States and the Indiana Constitutions prohibit unreasonable searches by the government. *See, Gipson v. State,* (1984) Ind., 459 N.E.2d 366, 368; U.S. Constitution Amendment Four; Indiana Constitution Article I, Section 11. Reasonable searches generally require a warrant to search or to arrest. *See generally, Bryant v. State,* (1973) 157 Ind. App. 198, 204, 299 N.E.2d 200, 203. A warrantless search still may be reasonable and therefore lawful if it comes under an exception to the warrant requirement. The State bears the burden of proving its actions come under a warrant exception. *Townsend v. State,* (1984) Ind., 460 N.E.2d 139, 141; *Murrell v. State,* (1981) Ind., 421 N.E.2d 638, 640. Probable cause to search or to arrest however is still required even though the circumstances fall within a warrant exception. *See, Cochran v. State,* (1981) Ind.App., 429 N.E.2d 672, 674.

▮ Probable cause for arrest exists where at the time of arrest the officer has knowledge of facts and circumstances which warrant a man of reasonable caution to believe a suspect has committed the criminal act in question. *Funk v. State,* (1981) Ind., 427 N.E.2d 1081, 1085; *Lindley v. State,* (1981) Ind., 426 N.E.2d 398, 401; *Battle v. State,* (1981) Ind., 415 N.E.2d 39, 42. An officer need not have probable cause to arrest where he approaches and detains a suspect to investigate possible criminal activity. *Terry v. Ohio,* (1968) 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889; *Taylor v. State,* (1980) 273 Ind. 558, 406 N.E.2d 247, 250; *Mayfield v. State,* (1980) Ind.App., 402 N.E.2d 1301, 1306. Rather, a "reasonable suspicion" further investigation is necessary will suffice. *Terry, supra,* 392 U.S. at 22–23, 88 S.Ct. 1880–1881; *Mayfield, supra,* 402 N.E.2d at 1306. Although probable cause to arrest does not exist when an officer initially stops a suspect to investigate, probable cause to arrest may develop during the investigation. *Fyock v. State,* (1982) Ind., 436 N.E.2d 1089, 1093.

▮ A warrantless arrest is lawful if the arresting officer has probable cause to believe a felony has been committed. *Fyock, supra,* 436 N.E.2d at 1093; *Battle, supra,* 415 N.E.2d at 42. An officer need not obtain a search warrant if the search is conducted incident to arrest. The purpose of such a search is to protect the officers and to prevent the destruction of evidence by an arrestee. *See, Chimel v. California,* (1969) 395 U.S. 752, 762–763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685; *Romack v. State,* (1983) 446 N.E.2d 1346, 1350. Under this exception the initial arrest must be lawful, the search and arrest must be contemporaneous in both place and time and the scope of a search is limited to the area within the arrestee's immediate control. *Arnold v. State,* (1984) Ind., 460 N.E.2d 494, 498; *Townsend, supra,* 460 N.E.2d at 141; *Lindley, supra,* 426 N.E.2d at 401; *Romack, supra,* 446 N.E.2d at 1350.

█ Finally, failure to formally arrest or to give the arrestee notice of arrest before a search will not invalidate a search incident to arrest as long as probable cause to arrest exists before the search is conducted. *Easley v. State*, (1975) 166 Ind. App. 316, 319, 335 N.E.2d 838, 840.

Discussing the phrase "the area within the immediate control of the arrestee", our Indiana Supreme Court has said

"[N]o straightforward rule has emerged from the litigated cases respecting the question involved here—the question of the proper scope of the search of the interior of an automobile incident to a lawful custodial arrest of one of its occupants. ·

\* \* \* \* \* \*

"While the *Chimel* case established that a search incident to an arrest may not stray beyond the area beyond the immediate control of the arrestee, the courts have found no workable definition of 'the area within the immediate control of the arrestee' when that area arguably includes the interior of an automobile and the arrestee is its recent occupant .... In order to establish the workable rule this category of cases requires, we read *Chimel's* definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."

*Fyock, supra,* 436 N.E.2d at 1091–92 *quoting New York v. Belton*, (1981) 453 U.S. 454, 459–460, 101 S.Ct. 2860, 2863–2864, 69 L.Ed.2d 768.

█ The officers here saw Jones operating a Pembleton Electronics van in an erratic and jerky manner at 3:00 a.m. They reasonably concluded Pembleton Electronics was not open for business at that hour. At this point they had reasonable suspicion to investigate further.

When they walked toward the van the officers saw a broken front vent window, and a "hot-wired" ignition when Turner opened the door to get out. They discovered from headquarters the van was registered in Pembleton's name. Neither of the van's occupants was identified as Pembleton. At this point, the officers had probable cause to arrest.

The officers then found wire cutters and vice grips on Jones. This search was lawful since it was conducted after the officers had probable cause to arrest. The wire cutters and vice grips were admissible.

█ The officers then searched the parked van and found a prybar, crescent wrench and butcher knife behind the seat. The facts indicate Jones was as close as five feet from the van when it was searched. He had not been taken into custody or formally arrested at that time. Jones presumably could have retrieved a weapon from the van or destroyed evidence within it. *Belton, supra,* 454 U.S. at 461, 101 S.Ct. at 2864. The officers testified they conducted the search of the van for their own protection. It was conducted after the officers had probable cause to arrest and constituted a search incident to an arrest. Therefore, the items found in the van were admissible.

## II. Sufficiency

### A. Standard of Review

We neither reweigh the evidence nor judge the credibility of witnesses when reviewing sufficiency of the evidence questions. We view the evidence and all reasonable and logical inferences to be drawn therefrom in a light most favorable to the State. We affirm if there is substantial evidence of probative value to support the conviction. *Wilson v. State*, (1983) Ind., 455 N.E.2d 1120, 1122; *McMillian v. State,* (1983) Ind., 450 N.E.2d 996, 999; *Freeman v. State*, (1984) Ind.App., 458 N.E.2d 694, 695.

### B. Class D Felony Theft

 Jones contends the evidence was insufficient to support his conviction.[1] We disagree.

The offense of theft, class D felony, is set out in IND.CODE 35–43–4–2(a):

Sec. 2. (a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.

 The State must prove beyond a reasonable doubt the elements of the offense, namely: (1) a defendant knowingly or intentionally (2) exerted unauthorized control[2] (3) over property of another person (4) with intent to deprive the other person of any part of its value or use. *See, Woods v. State,* (1983) Ind., 456 N.E.2d 417, 418; *Snuffer v. State,* (1984) Ind.App., 461 N.E.2d 150, 155. The unexplained possession of recently stolen property alone is a circumstance from which a jury is entitled to draw an inference of guilt and may be sufficient to support a conviction. *Ward v. State,* (1982) Ind., 439 N.E.2d 156, 159; *Muse v. State,* (1981) Ind., 419 N.E.2d 1302, 1304; *Hughes v. State,* (1983) Ind. App., 446 N.E.2d 1017, 1020. A theft conviction may be supported solely by circumstantial evidence. *Muse, supra,* 419 N.E.2d at 1304; *Hughes, supra,* 446 N.E.2d at 1018. The State need not prove the defendant was the same person who initially took the property of the owner. Rather, proof the defendant exerted unauthorized control over the property of another

er with intent to deprive is sufficient. *Snuffer, supra,* 461 N.E.2d at 155.

 Burkart and Adams observed Jones operating a van in an erratic fashion bearing the name Pembleton Electronics at 3:00 A.M. They approached the van and saw a broken front vent window. They observed a "hot-wired" ignition as Turner got out of the van. They also found the types of tools on Jones and in the van used in hot-wiring an ignition. The tools found in the van were not the type used at Pembleton Electronics. The owner informed the police he gave no one permission to use the van that evening after working hours. The fact neither the police nor the owner witnessed Jones actually remove the van from Pembleton's business premises does not detract from the evidence. *Snuffer, supra,* 461 N.E.2d at 155. The jury reasonably concluded Jones knowingly exerted unauthorized control over Pembleton's van with intent to deprive Pembleton of the van's use. The evidence was sufficient to support the conviction.

### III. Material Variance

Jones contends a material variance existed between the information filed and the proof at trial. Specifically, he contends the variance was material since the proof at trial did not establish he removed the van from Pembleton's business as alleged in the information. We disagree.

 An information must be sufficiently specific to apprise the defendant of the crime for which he is charged and to enable him to prepare a defense. *See, Manna v. State,* (1982) Ind., 440 N.E.2d

---

**1.** Jones moved for a directed verdict and later for judgment on the evidence after the State's case-in-chief. Jones thereafter failed to present any evidence on his own behalf. He now argues the trial court erroneously denied both motions. A motion for a directed verdict will be granted only if there is a total lack of evidence on the essential elements of the charge or if the evidence is undisputed and leads only to an inference in favor of the defendant. *Dack v. State,* (1983) Ind.App., 457 N.E.2d 600, 604. Likewise, a motion for judgment on the evidence is proper only where the State fails to establish a prima facie case. *Jackson v. State,* (1983) Ind., 446 N.E.2d 344, 346. Since we determine the State's evidence was sufficient to

support the conviction, the trial court properly denied both motions.

**2.** IC 35–43–4–1 provides:

Sec. 1. (a) As used in this chapter, "exert control over property" means to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property.

(b) Under this chapter, a person's control over property of another person is "unauthorized" if it is exerted:

(1) without the other person's consent; . . . .

473, 475; *Reed v. State,* (1982) Ind., 438 N.E.2d 704, 705, *appeal after remand* 441 N.E.2d 441. A variance between the charging information and the proof at trial is material when (1) it misleads the defendant in the preparation of his defense and (2) subjects him to the likelihood of another prosecution for the same offense. *Manna, supra,* 440 N.E.2d at 475; *Grassmyer v. State,* (1981) Ind., 429 N.E.2d 248, 256; *United States v. Hansen,* (7th Cir.1983) 701 F.2d 1215, 1221.

 The charging information alleged Jones knowingly exerted unauthorized control over James Pembleton's 1976 van. It then alleged he removed it from 513 East Wayne Street without Pembleton's consent and with intent to deprive Pembleton of the use and benefit thereof. On the information was printed "class D felony, theft" and the corresponding code section. Jones was adequately informed of the crime with which he was charged so as to afford him the opportunity to prepare his defense. The fact it also recited the alleged means by which Jones came to exert unauthorized control over the van was mere surplusage. The State's failure at trial to produce a witness who saw Jones remove the van from Pembleton's Wayne Street business does not create a material variance. As we noted earlier, the State was not required to prove Jones was the person who initially removed the van from Pembleton's business premises. Furthermore, Jones fails to explain how the information prevented him from preparing a defense or how it violated his constitutional rights. No material variance between the information and proof at trial existed here.

### IV. *Verdict Contrary to Law*

Jones lastly contends the jury verdict was contrary to law because it omitted the phrase "as charged in the information" and allegedly indicated the State had not proved the crime for which Jones was charged. We disagree.

 A verdict need not recite the entire charge for which a defendant is convicted. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805, 819. Rather, "a verdict will not be considered defective unless it is so uncertain that no judgment can be rendered thereon." *Id.,* 431 N.E.2d at 819. A jury verdict omitting the phrase "as charged in the information" is not defective if it shows on its face the crime for which a defendant is convicted and that crime is the same offense alleged in the information. *See, Polson v. State,* (1893) 137 Ind. 519, 520–521, 35 N.E. 907, 908. The court will not assume the State failed to prove the defendant committed the crime alleged in the information if the phrase "as charged in the information" is omitted from the verdict. *See, id.,* 137 Ind. at 521, 35 N.E. at 908.

 The jury verdict returned against Jones read "we, the jury, find the defendant, Lowell B. Jones, guilty of theft, a class D felony." The verdict on its face was certain enough to indicate the crime for which defendant was found guilty. The information likewise charged Jones with class D felony theft. The failure to include "as charged in the information" did not imply the State failed to prove its case against Jones. The verdict therefore was not contrary to law.

Affirmed.

YOUNG, J., concurs.

MILLER, P.J., concurs in result.