**Maximo ENAMORADO and Jose Sada, Appellants (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–8607–CR–00694.

Supreme Court of Indiana.

March 2, 1989.

Belle T. Choate, Choate Visher & Haith, L. Craig Turner, Boberschmidt, Miller, O'Bryan & Turner, P.A., Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendants Maximo Enamorado and Jose Sada were convicted of dealing in cocaine and conspiracy to commit dealing in cocaine, both class A felonies, and lesser felonies for violations of the Indiana Controlled Substances Act. The court reduced the presumptive sentence of thirty years for each of Enamorado's class A felonies to twenty-four years and ordered that they be served concurrently. Sada received concurrent thirty year sentences.

Each defendant has brought a direct appeal which we shall address in this opinion, regrouping defendants' challenges as follows:

1. sufficiency of evidence of intent to deal and date of agreement,

2. warrantless arrest and search,

3. jury inspection of State's exhibits after the State arguably rested without rebuttal, and

4. sentencing.

### 1. Sufficiency of the Evidence

The defendants argue that the evidence fails to establish the necessary intent to deal cocaine in that they were only "mules," low-level couriers who transport drugs for a dealer. Sada contends that he did not even possess the cocaine. Challenging their conspiracy convictions, the defendants argue that the evidence fails to establish the occurrence of the agreement on the date alleged in the information. Sada further claims that he did not conspire to deliver the cocaine, but rather only accompanied Enamorado.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if considering only the probative evidence and reasonable inferences supporting the verdict, without weighing or assessing witness

credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

On October 1, 1985, an Indianapolis police detective, pursuant to a warrant, searched the motel room of John Wheelington. Upon discovering assorted narcotics and paraphernalia, the detective arrested Wheelington. While in police custody, Wheelington described a pending drug transaction between himself and two Hispanic men who were returning from Florida with high-grade cocaine. In exchange for some cocaine for his personal use, Wheelington was to "cut" the cocaine and assist the two men in its sale. Wheelington stated that the delivery was to occur within a day or two. "Mexico Joe" and "Max" were to call Wheelington on his pager, whereupon he was to call them and give them his number so they could call again and arrange the meeting.

On October 2, at about 6:00 a.m. the detective and other officers took Wheelington to the motel room and waited for the phone call from the two men. At 9:00 p.m., "Mexico Joe" called Wheelington's pager. Returning the call, Wheelington gave "Mexico Joe" the motel room and phone numbers. "Mexico Joe" responded that he and "Max" would reach the room in about ten minutes. About ten or fifteen minutes later, the defendants, both Hispanic, and a woman arrived by car at the motel. When the three came to Wheelington's room, knocked and entered, they were placed under arrest while a police officer searched a grocery sack Enamorado had carried in. The police officer unwrapped a smaller brown bag within the sack and found a clear plastic bag with a white powder in it. A lab analysis revealed the white powder was cocaine, 272 grams at 92.9% purity. Witnesses for the State testified that the amount and purity of the cocaine indicated that it was to be "cut" or "stepped on" to form smaller, less potent units for sale. The arresting officers also found in each defendant's jacket a small bag of cocaine.

Jose "Mexico Joe" Sada claims that he did not possess the cocaine because Enamorado brought it into the motel room. For the purpose of criminal liability, a person who has the intent and capability of maintaining control over contraband constructively possesses it. *Fassoth v. State* (1988), Ind., 525 N.E.2d 318, 323. Circumstantial evidence of the care, management and control over the contraband may prove constructive possession. *Jeffers v. State* (1985), Ind., 485 N.E.2d 81. However, mere presence or association with another who actually possesses contraband is insufficient to show constructive possession. *Lewis v. State* (1985), Ind.App., 482 N.E.2d 487, 491. The jury could reasonably infer Sada's management or control over the cocaine from the agreement between Wheelington and the defendants, Sada's trip with Enamorado, his knowledge of the cocaine, and his call to Wheelington's pager to arrange the delivery. Furthermore, as an accomplice, Sada is criminally responsible for his confederate's acts done in the probable and natural consequence of their plan. *Moredock v. State* (1987), Ind., 514 N.E.2d 1247.

Ind.Code § 35–48–4–1, in its relevant portion, states: "A person who: ... (2) [p]ossesses, with intent to manufacture or *deliver,* cocaine or a narcotic drug ... commits dealing in cocaine or a narcotic drug...." (emphasis added). Intent to deliver is a lower threshold than intent to distribute to individual drug users. The defendants' testimony establishes that they knew they were transporting cocaine for delivery to Wheelington, regardless of what the ultimate selling arrangement was to have been.

In any event, the jury could infer the necessary intent from the large amount of cocaine the defendants had in their possession. Possession of a large amount of narcotics is circumstantial evidence of intent to deliver. The probative value of the quantity in proving intent increases as the quantity itself becomes greater. *Montego v. State* (1987), Ind., 517 N.E.2d 74, 76. In *Montego,* 83 grams of cocaine was suffi-

cient proof of intent to deliver. *Id.* Based on the circumstantial evidence of possessing 272 grams of cocaine, the jury could infer the defendants' intent to deliver; the evidence is sufficient to support the dealing convictions.

■ Regarding their conspiracy convictions, the defendants assert that the evidence is insufficient to establish the occurrence of the agreement on the date alleged in the information. The information places the date of the agreement on or about October 2. Because the timing of the agreement is not an essential element of the offense, a conspiracy conviction may be supported by an information which does not specify the precise date of the agreement. *Brown v. State* (1980), Ind.App., 403 N.E.2d 901. Enamorado's own testimony establishes the existence of an agreement with Wheelington. From Wheelington's testimony and Sada's acts in pursuance of the cocaine delivery, the jury could infer Sada's part in the agreement. *See Isom v. State* (1986), Ind., 501 N.E.2d 1074, 1075; *Haynes v. State* (1985), Ind., 479 N.E.2d 572, 574. The evidence is sufficient to support the conspiracy convictions.

### 2. Warrantless Arrest and Search

The defendants argue that the trial court erred in denying their motion to quash the affidavit of probable cause and their motion to suppress evidence. They claim that the police failed to obtain arrest and search warrants when they had an opportunity to do so.

The police officers waited in and near Wheelington's motel room from approximately 6:00 a.m. to 9:00 p.m. on a day when the courts were open. The detective in charge did not seek an arrest or search warrant because of the uncertainty of what day and hour the two men would arrive. When the two arrived later that night, the police arrested them while another officer searched the sack that Enamorado had carried in.

A police officer may make a warrantless arrest if he has reasonable and probable cause to believe the arrestee has committed a felony. *Carter v. State* (1986), Ind., 490 N.E.2d 288; *Fisher v. State* (1984), Ind., 468 N.E.2d 1365; *Fyock v. State* (1982), Ind., 436 N.E.2d 1089. Probable cause for arrest exists where at the time of arrest the officer has knowledge of facts and circumstances which warrant a man of reasonable caution to believe a suspect has committed the criminal act in question. *Jones v. State* (1984), Ind.App., 467 N.E.2d 1236, 1239. Where police officers rely on a third source's tip, probable cause may be established by verification of extrinsic evidence[1] which demonstrates the reliability of the tip. *Cato v. State* (1979), 272 Ind. 102, 396 N.E.2d 119.

■ Wheelington's information was corroborated by "Mexico Joe's" call to his pager and the arrival at the hotel room of two Hispanic men, both of which were witnessed by the police officers. Indianapolis police officer Thomas Breen, a narcotics detective for approximately ten years, testified regarding the common practice of drug dealers to use voice beepers and to move around from hotel to hotel to avoid police detection, the same *modus operandi* as presented by the facts of this case. Additionally, Wheelington had provided information on other crimes which had led to numerous drug-related arrests.[2] The totality of the circumstances involving Wheelington's prior activities as an informant, the character of the predicted events as similar in *modus operandi* to typical criminal drug transactions, and the occurrence of events as predicted by the informant, combine to constitute adequate probable cause obviating the need to obtain arrest warrants in the circumstances presented here.

---

1. *Duncanson v. State* (1987), Ind., 509 N.E.2d 182, citing *Randall v. State* (1983), Ind., 455 N.E.2d 916, mistakenly substitutes "extensive facts" for "extrinsic facts", which is the proper and intended phrase.

2. We note that the record does not disclose whether actual convictions had resulted from the information previously provided by Wheelington.

■ The defendants also attack the validity of the warrantless search of the grocery sack which Enamorado carried into the motel room. They correctly state that the State has the burden of showing that the search falls within an exception to the warrant requirement. *Savage v. State* (1988), Ind., 523 N.E.2d 758.

Where police officers have probable cause to apprehend an individual, they are justified in conducting a limited search for the purpose of removing weapons or contraband within the arrestee's control. *Merritt v. State* (1986), Ind., 488 N.E.2d 340; *Murrell v. State* (1981), Ind., 421 N.E.2d 638. A search incidental to an arrest must be contemporaneous with the arrest in both time and place. *Arnold v. State* (1984), Ind., 460 N.E.2d 494; *Jones v. State*, 467 N.E.2d 1236.

In this case, the police officers had probable cause to believe the defendants were bringing cocaine into the motel room. To remove any weapons or contraband, the officers were justified in searching the defendants and the sack within Enamorado's immediate control. As the warrantless search was lawful, the trial court properly denied the defendants' motions.

### 3. Jury's Inspection of State's Exhibits

■ The defendants argue that the following colloquy indicates that the State rested without rebuttal but was erroneously permitted to thereafter pass its exhibits to the jury.

> COURT: Mr. [prosecutor], when we broke for lunch you were of the opinion that you might have rebuttal evidence. Do you intend to introduce rebuttal evidence?
>
> [PROSECUTOR]: Judge, I do not intend to present any rebuttal evidence. The only thing that I would be requesting would be to pass the exhibits' (sic) that being, 1, 1–A, 2, 3, 4, and contents, and 5, to the jury.

We find that the trial court treated the request as one for rebuttal and properly allowed the jury to inspect the exhibits which had been admitted in the prosecution's case-in-chief.

Even if we assume that the prosecution had waived rebuttal, the defendants must affirmatively demonstrate error prejudicial to their substantial rights before their convictions may be reversed. *Shaw v. State* (1986), Ind., 489 N.E.2d 952; *Springer v. State* (1984), Ind., 463 N.E.2d 243. The defendants' reliance on *White v. State* (1971), 257 Ind. 64, 272 N.E.2d 312, is misplaced because *White* involved the prosecution's deliberate use of an "evidentiary harpoon" to prejudice the defendant's case. In the present case, the evidence offered for inspection was admissible. The defendants have not shown how the inspection of the exhibits prejudiced their substantial rights.

### 4. Imposition of Sentence

The defendants claim that the trial court failed to consider mitigating circumstances and to explain its weighing of the aggravating and mitigating circumstances. Sada further claims that his sentence is manifestly unreasonable in light of his lesser participation, lack of a prior felony record, and Wheelington's inducement of the deal.

■ The trial court imposed concurrent twenty-four year sentences on Enamorado for the class A felonies following a six year reduction of each presumptive sentence. As mitigating circumstances, the trial court noted his lack of a criminal record, support for his family, his continuous employment, and the jury's request that he be shown mercy. Enamorado claims that the trial court failed to consider his remorse. However, as the finding of mitigating circumstances is within its discretion, the trial court has no duty to negate potentially mitigating circumstances. *Stark v. State* (1986), Ind., 489 N.E.2d 43.

■ Despite finding that Sada had a minor criminal record and that the quantity, purity and value of the cocaine were great, the trial court imposed only the presumptive sentence for each class A felony and ordered that they be served concurrently. "If the trial court imposes a presumptive sentence, there is no obligation to explain

the reasons." *Pettiford v. State* (1987), Ind., 506 N.E.2d 1088, 1090.

This Court will not revise a sentence unless it is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Hatchett v. State* (1987), Ind., 503 N.E.2d 398; Ind.Rules for Appellate Review of Sentences Rule 1. Sada's receipt of concurrent thirty year sentences is not manifestly unreasonable in light of the trial court's imposing the presumptive sentences.

The judgment is affirmed in all respects.

SHEPARD, C.J., and GIVAN and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice dissenting.

In *McCray v. Illinois* (1967), 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, Officer Jackson received a tip from an informant that McCray was selling narcotics in the vicinity of a particular street corner. The officer went to the location and observed McCray make several contacts with people walking along the street, and when McCray saw the police, he quickly walked away between two buildings. The police then moved in and arrested him, finding heroin in a cigarette package.

The evidence establishing reliability of the informant was summarized as follows.

Jackson testified that he had been acquainted with the informant for approximately a year, that during this period the informant had supplied him with information about narcotics activities "fifteen, sixteen times at least," that the information had proved to be accurate and had resulted in numerous arrests and convictions.

*McCray*, 386 U.S. at 303, 87 S.Ct. at 1058, 18 L.Ed.2d at 66.

Here by contrast, Wheelington's service as an informant was not current, but took place during a prior period of time, and we only know that his information had led to prior arrests. The officer testified that he did not know whether convictions had resulted. I do not think it can be inferred

from this showing by the State, that the information previously supplied by Wheelington was accurate and that he was therefore a reliable tipster.

The extrinsic facts show a telephone contact as predicted. The conversation does not contain drug-related terms or meaning. The three then arrived at the motel, and walked in. One carried a grocery sack. The three were immediately arrested. There was no conversation regarding the purpose of the visit. The behavior of appellants in making the telephone contact and entering the motel does not, when viewed apart from the statements of Wheelington, bespeak illicit conduct as did the behavior of McCray.

In my view, the police sprung the trap here before they had that kind of knowledge which would warrant a man of reasonable caution in believing that appellants were carrying contraband drugs. More knowledge of facts and circumstances indicating an illegal purpose would have been required by a man of reasonable caution, before forming a belief that they were engaged in the handling of contraband drugs. There was therefore no probable cause justifying an arrest. The arrests were therefore illegal and their product should have been suppressed.