Alice Marie **PARKER**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 1179S334.

Supreme Court of Indiana.

Jan. 30, 1981.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., J. David Roellgen, Thomas E. Kieper, Deputy Attys. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Alice Parker, was convicted of robbery, resulting in bodily injury, Ind.Code § 35-42-5-1, by the Marion County Criminal Court. She received a sentence of twenty years. On appeal the following claims are made:

(1) The trial court erred in overruling an objection to the trial identification of appellant by the two chief prosecuting witnesses.

(2) The evidence was insufficient as a basis for this conviction.

The proof presented by the prosecution tending to identify appellant as having committed the charged crime came from two witnesses, the victim Gene Goad, whose wallet and money were taken, and Raunell Moralez who was present at the time those events occurred. Both pointed out appellant at trial.

■ Due process requires suppression of such testimony if the witness giving it also made a pre-trial identification of the accused, and the procedure employed by the police utilized unnecessarily suggestive means, and the suggestive means were such as to give rise to "a very substantial likelihood of irreparable misidentification." *Neil v. Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401.

The first element which must be established in achieving suppression of trial identification is that an unnecessarily suggestive extrajudicial identification procedure occurred. Here, both witnesses viewed photographs and selected one of appellant from them as portraying the assailant. The record reflects that Goad was taken to the station house two or three times after the robbery and that he went through the files there and discovered a picture of appellant and recognized her. It also shows that at one point he was shown "three or four different ones, different shots." It also shows that Moralez was shown a group of six photographs, one of appellant and the others of persons of comparable weight, age, and complexion. Upon examination she selected appellant's photograph from this group as depicting the assailant.

In *Emerson v. State*, (1972) 259 Ind. 399, 287 N.E.2d 867, we condemned the use of a single photograph in an identification procedure as fraught with unnecessary dangers of suggestivity. In *Sawyer v. State*, (1973) 260 Ind. 597, 298 N.E.2d 440, we viewed in the same manner the practice of telling a witness during such a procedure that a person arrested and charged with the crime is among those depicted in a small group of photographs.

■ The procedures used by the police here do not indicate a needless amount of suggestivity under the circumstances. Several photographs were used in both instances, and there is no proof that the police said anything or took any action which would have increased the dangers of suggestivity. There was no unnecessarily suggestive extrajudicial identification procedure employed by the police here, and the in-court identification of appellant by both witnesses was properly admitted.

■ Appellant challenges the sufficiency of the evidence on the grounds that

(1) both identification witnesses were under the influence of drugs and alcohol at the time of the robbery;

(2) the recollection of the facts was weak by the two identification witnesses; and

(3) the witness Goad attempted to get money from the girlfriend of a co-defendant.

These issues were probed and developed at length in a forthright manner before the trier of fact. Both witnesses readily admitted that the robbery occurred during a get-together at Goad's apartment where both drugs and alcohol were available and in use. Goad testified that he held appellant's co-defendant responsible for his loss in the robbery of some $700, and sought to get it from him through a girlfriend. He also admitted having said that he would lose interest in pressing the charges if he could recoup $400 of the loss. One cannot accept the characterization of the testimony of the two identification witnesses as weak. Their testimony was not equivocal. Moralez testified on cross-examination, for example, in response to questions probing her ability to recall the events and to identify appellant that she would swear to the accuracy of her recollections "on her mother's grave." In the final analysis these factors went to the credibility of the witnesses, their bias and prejudice, and their ability to recall the events, matters exclusively reserved for consideration by the trier of fact, and beyond the scope of that which an appellate court can consider in determining a claim of insufficiency of evidence. *Miller v. State*, (1977) 266 Ind. 461, 364 N.E.2d 129.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.