Von Carlos WILSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 280S52.

Supreme Court of Indiana.

April 7, 1981.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Wilson was convicted in a trial by jury of robbery, Ind.Code § 35–42–5–1, and attempted murder, Ind.Code § 35–41–5–1, and Ind.Code § 35–42–1–1. He received concurrent sentences of forty years' imprisonment. In this appeal two basic issues are presented, namely:

(1) Whether the evidence was sufficient to warrant the verdicts of guilty; and

(2) Whether the testimony of the victim identifying appellant was properly admitted.

The gravamen of the offense was that appellant entered the house of John Williams brandishing a handgun, tied Williams up, took his money, shot him in the chest and hit him on the head. He contends that the evidence serving to identify him as the perpetrator of these offenses was wholly insufficient to support the jury verdict. In determining this question we do not weigh the evidence nor resolve questions of credibility, but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is

evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable ·doubt. *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657.

■ The evidence gleaned from the record tending to support the verdict disclosed that the victim John Williams lived in his house in Indianapolis on October 24, 1978, that he was seventy-one years old, and was a collector of numbers by occupation. He was watching television in the early afternoon when a man knocked on the door. When he answered it appellant Wilson was standing on the front porch pointing a gun at him. Appellant entered the house and tied Mr. Williams up. As he was being tied up Williams saw a second man enter the house and heard this person rummaging through items in the house. Once he had bound Williams, appellant searched through his pockets and took money. He told his accomplice that Williams had been lying to him, whereupon he then shot Williams in the chest and clubbed him over the head.

Police, in the mobile crime lab, who were called to the scene were able to lift latent fingerprints from several objects in the house including a carving knife and a vase. These were later found to match the fingerprints of appellant.

The evidence serving to prove that appellant was the man who bound and shot Williams and took his money came from Williams and police officers who lifted latent prints from objects located within the house. Williams pointed out appellant in court during his testimony as his assailant. The testimony from investigating officers in sum was that the fingerprint lifted from the inside lip of a vase which was located in the living room of the house, and which had been knocked over was that of the left middle finger of appellant Von Wilson. They also testified that the print lifted from the knife which was found on the television in the living room of the house was that of the right index finger of appellant Von Wilson. Williams further testified that the knife was kept in the kitchen, and that neither appellant nor his companion

had been in the house at any time before October 24, 1978.

This proof was clearly susceptible of belief by the trier of fact, and if believed was sufficient to warrant the conclusion beyond a reasonable doubt that appellant was the man who robbed Williams and attempted to kill him.

II.

■ Appellant also contends that reversible error occurred when the trial court refused to suppress the in-court identification of appellant by Williams. Due process of law requires the suppression of in-court identification testimony which has been preceded by an out-of-court identification which itself was produced through utilization by the police of procedures so unnecessarily and impermissibly suggestive of guilt as to create a very substantial likelihood of irreparable misidentification. *Stovall v. Denno,* (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; *Neil v. Biggers,* (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Sawyer v. State,* (1973) 260 Ind. 597, 298 N.E.2d 440.

■ The proof tending most strongly to support the motion to suppress was that Williams had very thick cataract glasses which were badly damaged in the attack. While in the hospital he may have learned from non-police, non-official sources the names of his assailants. The police came to the hospital and showed him several photographs, and he selected one of appellant from them as his assailant. None of the photographs had names upon them, and there is no proof that the police said anything suggestive on that occasion, or that he had given appellant's name to the police prior to that time.

■ This evidence is contradicted by the testimony of Williams in which he testified that he was unable to identify appellant while in the hospital and did not identify a photograph of appellant until he was home and was presented a group of ten to twelve photographs from which he selected one of appellant. Even though we are not re-

quired to credit the strongest version of conflicting evidence under our standard governing review of the trial court's denial of suppression, were we to do so here, it would not warrant setting aside the trial court's ruling. The practice of exhibiting a number of photographs to a crime victim by police for purposes of identification is not as a general proposition unduly suggestive. It is only when such a display is accompanied by graphic or verbal communications or indications tending unfairly to single out one of the photographs as that of a suspect that such procedures may be condemned as unnecessarily and impermissibly suggestive of guilt. *Parker v. State,* (1981) Ind., 415 N.E.2d 709; *Sawyer v. State, supra; Parker v. State,* (1977) 265 Ind. 595, 358 N.E.2d 110. There is no proof here warranting the conclusion that the extrajudicial identification procedure employed by the police was unnecessarily suggestive. The trial court did not err in refusing to suppress the in-court identification of appellant by the victim Williams.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.