**William E. BREWER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 582S202.**

Supreme Court of Indiana.

Oct. 31, 1983.

James M. Backmeyer, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

The jury convicted appellant of Attempted Murder, a Class A felony. He received a sentence of thirty (30) years.

Appellant raises the following issues on appeal: (1) Was the evidence sufficient to support his conviction, or was the judgment contrary to law because the evidence only showed a simple battery had been committed? (2) Did the trial court err in failing to admonish the jury, *sua sponte,* regarding alleged prosecutorial misconduct?

This Court cannot reweigh evidence nor judge the credibility of witnesses. *Lambert v. State,* (1983) Ind., 448 N.E.2d 288; *Oliver v. State,* (1982) Ind., 431 N.E.2d 98.

The evidence favoring the State reveals the following: At approximately 3:15 A.M. on June 1, 1980, Richmond police officers heard a gunshot in the vicinity of the Golden Nugget tavern. Within ten to twelve seconds of hearing the shot, they arrived at the tavern's parking lot. Witnesses directed the officers' attention to appellant and Howard Hossman, indicating the two men were carrying guns. Appellant and his victim, Bobby Mills, were yelling at each other. Mills was leaning against his station wagon. He had sustained what appeared to be a gunshot wound to his head.

One police officer, and other witnesses, saw appellant throw a gun into the weeds near where he stood. The officer retrieved the gun, a R & G .38 special, and discovered what appeared to be blood on the cylinder, hair in the triggerguard, and found the weapon fully loaded, except for one spent round. Witnesses, and the victim, gave conflicting stories in recounting the events which led to the shooting. However, all agreed that appellant fired the gun, knocked Mills to the ground, and then pistol-whipped him.

Appellant's version of the facts alleged Mills was the aggressor. According to appellant, Mills and his son were arguing and hurling insults at Hossman inside the tavern. The heated discussion arose over the fact that Hossman was sitting at the same table with Mills' son's wife who had recently separated from him. At one point, Mills, in his anger, invited Hossman to step outside to settle their differences.

Mills then exited the tavern and waited for Hossman to follow. Hossman did not go outside, but instead telephoned appellant who quickly arrived at the Golden Nugget. Appellant and Hossman then left together and found Mills in the parking lot. There was a quick verbal exchange between Mills and appellant. Appellant then fired a shot at Mills while Hossman held a gun on the gathering spectators and warned them not to interfere.

Appellant contends the crowd exuded a mob atmosphere, that one member of the group was armed, and that he merely fired a warning shot in the air to stop Mills from obtaining a gun from his car. To the contrary, the State's witnesses, including Mills himself, testified Mills had forgotten the incident and was heading toward his car to transport a waitress home.

■ Appellant's failure to raise any issue of self-defense in his Motion to Correct Errors, or to argue the issue on appeal, except for mentioning self-defense in one sentence of the Statement of Facts in his brief, constitutes waiver of the issue. Ind. R.App.P. 8.3(A).

■ Appellant claims the evidence was only capable of proving battery, not Attempted Murder, therefore, the judgment was contrary to law.

The relevant statutes read:

"A person who:

(1) Knowingly or intentionally kills another human being; . . . commits murder . . . . IC § 35–42–1–1(1) [Burns 1979].

"A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony." IC § 35–41–5–1 [Burns 1979].

Appellant's intent to kill the victim may be inferred from his using a deadly weapon, i.e., a pistol, in a manner reasonably calculated to cause death. *Johnson v. State,* (1980) Ind., 401 N.E.2d 674; *Harris v. State,* (1981) Ind., 425 N.E.2d 112. "The act of firing a loaded pistol at the victim's head is a substantial step towards the commission of the crime of murder." *Harris, supra,* at 116. In the case at bar, as in the case of *Wilson v. State,* (1981) Ind., 418 N.E.2d 1150, the defendant not only shot at his victim, but also inflicted a beating upon the victim subsequent to the shooting. As in both the *Harris* and *Wilson* cases, there was sufficient evidence to support the jury's verdict of guilty of Attempted Murder. Evidence that appellant shot at Mills from a distance of four to seven feet, and then proceeded to beat him with a pistol is strongly corroborative of defendant's criminal intent. Appellant's actions up to the point when he was interrupted were sufficient to constitute attempted murder. Thus, the evidence was sufficient to support the conviction.

Appellant's next contention is that the trial court erred in failing to admonish the jury, *sua sponte,* to disregard certain allegedly improper remarks made by the deputy prosecutor during final argument to the jury. Defense counsel promptly objected to

the prosecutor's statements which were to the effect that:

(1) defense counsel was an excellent attorney, handling a tough case, and that he knew all the "tricks" of trial advocacy:

(2) the defense had called a witness whom the prosecution chose not to call because she was drunk the night of the crime and could not tell the jury anything; and

(3) defense counsel had formerly been employed in the prosecutor's office and had knowledge of the common practice of amending informations.

The record shows the deputy prosecutor apologized for using the word "tricks"; the court sustained the defense objection to the comment regarding the value of the witness in question; and the court sustained the defense objection and ordered the jury to disregard the deputy prosecutor's comment on defense counsel's knowledge of procedure. Defense counsel did not request the trial court to admonish the jury to disregard the first two statements complained of, nor did he move for a mistrial. Failing to request an admonishment, or move for a mistrial, based on alleged prosecutorial misconduct generally results in waiver of that issue. *Lambert v. State,* (1983) Ind., 448 N.E.2d 288; *Bennett v. State,* (1981) Ind., 423 N.E.2d 588; *Norton v. State,* (1980) Ind., 408 N.E.2d 514.

However, it is the position of defense counsel that the court should not have allowed the remarks, which he characterizes as an "unwarranted personal attack" on defense counsel, which were deliberately calculated to discredit the defendant's counsel prior to making his final argument. Thus, he argues, the court committed error which prevented appellant from receiving a fair trial.

The trial court cannot be said to have allowed the prosecutor to argue in an improper manner when the record shows the court sustained defense counsel's every objection to such comments. Sustaining opposing counsel's objections to improper remarks in final argument is usually suffi-

cient to remedy the situation. *Pleak v. Cottingham,* (1931) 94 Ind.App. 365, 178 N.E. 309.

A trial court has wide discretion in determining the scope and conduct of final argument. *Scott v. State,* (1980) Ind., 413 N.E.2d 902; *Morris v. State,* (1980) 272 Ind. 452, 398 N.E.2d 1284. Even if the defense counsel had made a timely request for either admonishment or mistrial, the trial court was not required to grant such request. His decision is reversible only for a manifest abuse of discretion. *Roose v. State,* (1983) Ind., 449 N.E.2d 594; *Ramos v. State,* (1982) Ind., 433 N.E.2d 757, *reh. denied; Johnson v. State,* (1982) Ind., 432 N.E.2d 1358.

Deciding whether to request that the jury be admonished will draw undue attention to the very remarks, the effect of which is sought to be eradicated, is one of trial strategy. It is the function of defense counsel to determine if such strategy is desirable. It is the trial court's function to rule on the request, if made, and not to, *sua sponte,* initiate the admonishment of the jury. *Williams v. State* (1981) Ind., 426 N.E.2d 662; *Watts v. State,* (1982) Ind. App., 434 N.E.2d 891.

We find no fundamental error. There is sufficient evidence to support the conviction.

The trial court is in all things affirmed.

All Justices concur.