Kevin PETTIFORD, Appellant,

v.

STATE of Indiana, Appellee.

No. 885S337.

Supreme Court of Indiana.

April 29, 1987.

Geoffrey A. River, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A trial by jury resulted in a conviction of Burglary, a Class B felony. Appellant was originally sentenced to fifteen (15) years imprisonment; however, following his conviction and sentencing a prior felony conviction was set aside. As a result, appellant's counsel moved the trial court to modify the original sentence. Following a hearing, the sentence was reduced to the standard ten (10) year term for the crime of Burglary.

The facts are: On August 24, 1984, Constance Lipscomb and Donald Campbell observed a young man, later identified as appellant, balancing a box, knapsack and

duffel bag on a green ten-speed bicycle. Campbell offered to assist appellant and drove him to an apartment building located on Seymour Street in Muncie, Indiana. Byron Torke, who was making repairs in the apartment building, observed a young man entering the building with a knapsack, duffel bag and a green-colored bicycle.

On the same date. Rick Monhollen returned to his apartment and discovered that a window in an outer door had been broken, that the living room and bedrooms had been ransacked and that numerous items had been stolen including a green ten-speed bicycle, a video cassette recorder, a stereo receiver, clothes and money. Police officers, upon learning of the observations made by Lipscomb and Campbell, questioned them and subsequently recovered the stolen items from the apartment on Seymour Street.

Campbell selected photographs from police mug shots, and identified them as photographs of the person he had assisted in moving the bicycle and other goods to the Seymour Street apartment. Neither Lipscomb nor Torke could identify the photographs.

Appellant attempted to establish an alibi by showing that he was a student enrolled at Indiana Vocational Technical College and that during the time in question he was either at the college, on a Muncie city bus or at the home of his girl friend, Mary L. Jamison.

Appellant claims the trial court erred in not granting his motion to suppress the out-of-court identification and the in-court identification of him by Torke and Campbell. First of all the record shows that Torke did not identify appellant either before trial or during trial. The sole identification of appellant was by Campbell.

■ Appellant takes the position that the police were unnecessarily suggestive in presenting the mug shots for Campbell's identification. The mere fact that a number of photographs are submitted for a potential witness' identification is not unduly suggestive. *Wilson v. State* (1981), 275 Ind. 586, 418 N.E.2d 1150. It is only when the display is accompanied by graphic

or verbal communications or identification by the police officers that the procedure will be condemned as impermissibly suggestive. *Parker v. State* (1981), 275 Ind. 142, 415 N.E.2d 709; *Sawyer v. State* (1973), 260 Ind. 597, 298 N.E.2d 440.

■ There is no showing in this record that there was any suggestion to Campbell concerning his potential identification. The record also shows that the photographs were of persons of like facial features including facial hair. Moreover, the record discloses that Campbell had sufficient opportunity to view appellant at great length during the period of time he assisted him in transporting the goods to the apartment. There is nothing in this record to indicate that Campbell's identification was tainted in any manner. The trial court did not err in refusing to suppress such evidence nor in allowing Campbell to testify at trial.

■ Appellant claims the trial court erred in overruling his objection to the prosecutor's commenting and speculating on the persons that appellant did not call as witnesses. During his summation to the jury, the prosecutor alluded to the fact that appellant attempted to establish an alibi. He then stated:

"[I]f you want to believe him that he was in the presence of the Reverend Larry James Bell, I ask you today, where is the Reverend——[.]"

At this point, appellant's counsel objected to the comments of the prosecutor.

The court overruled the objection with the statement that it was a proper comment and permitted the prosecutor to proceed. The prosecutor merely reiterated his statement asking as to the whereabouts of the Reverend Bell. The State concedes the prosecutor's comment regarding the Reverend Bell was improper, citing *Mitchell v. State* (1983), Ind., 455 N.E.2d 1131.

However, it is the State's position that the error was cured by both preliminary and final instructions by the trial court. Those instructions correctly stated that appellant was not required to present any evidence whatsoever and was not required

to prove his innocence. We agree that although the prosecutor's comments should not have been made, it was *de minimis* in nature and in this case harmless beyond a reasonable doubt. He did not expand upon the comment. In view of the evidence against appellant and the failure of his evidence to in fact establish an alibi, we fail to see how the mere mention by the prosecuting attorney of the absence of the Reverend Bell rises to the stature of reversible error.

Appellant further claims the decision is contrary to law because of the above claimed errors. We do not find the decision of the trial court to be contrary to law.

Appellant claims the trial court erred in imposing an executed sentence of ten (10) years. Appellant was convicted under Ind. Code § 35-50-2-5, which provides for a standard ten (10) year sentence for the crime of burglary to which ten (10) years might be added for aggravating circumstances or four (4) years might be subtracted for mitigating circumstances. Although the trial court had originally sentenced appellant to fifteen (15) years, adding five (5) years for aggravating circumstances, when appellant's former conviction was set aside the trial court conducted a second hearing and reduced the sentence to the ten (10) year presumptive sentence as provided by the statute.

It is discretionary with the trial court whether the presumptive sentence will be enhanced or reduced. *Shippen v. State* (1985), Ind., 477 N.E.2d 903. However, the consideration of mitigating factors is not mandatory. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. If the court imposes a presumptive sentence, there is no obligation to explain the reasons. *Johnson v. State* (1983), Ind., 455 N.E.2d 932. When the basic sentence is imposed, this Court will presume the trial court considered the alternatives. *Wilson v. State* (1984), Ind., 465 N.E.2d 717.

Under the circumstances, we find nothing unreasonable in the trial court's imposition of the presumptive sentence. *Bray v. State* (1982), Ind., 430 N.E.2d 1162.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.