# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 29 2016, 9:19 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Luther Riddell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 29, 2016 <br><br> Court of Appeals Case No. <br> 34A04-1507-CR-897 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable George A. Hopkins, Judge <br><br> Trial Court Cause No. <br> 34D04-1412-MR-171 |

**Altice, Judge.**

## Case Summary

[1] Luther Riddell was convicted of Murder,[1] a felony, and was determined to be a Habitual Offender. Riddell presents two issues for our review:

> 1. Did the trial court abuse its discretion in denying Riddell's motion for a mistrial?

> 2. Did the trial court abuse its discretion in admitting certain evidence during the habitual offender phase?

[2] We affirm.

## Facts & Procedural History

[3] During the early morning hours of December 16, 2014, Jay West went to Riddell's house. An argument and fight ensued, most of which was recorded on Riddell's surveillance camera system. As West walked away from Riddell's home and out of camera range, Riddell grabbed an object and followed him. Riddell then returned to camera range and replaced the object. West was discovered lying in a nearby yard and ultimately died of a stab wound. West's DNA was taken from the blade of a knife that was found in proximity to where Riddell can be seen grabbing and later replacing an object.

[4] The following day, the State charged Riddell with murder and alleged him to be a habitual offender. A three-day jury trial commenced on June 9, 2015. At the end of the second day, just before the court recessed for the evening, there was

---

[1] Ind. Code § 35-42-1-1(1).

an outburst from the gallery by an unidentified woman who yelled, "You need to fucking die, you fucking murderer, lying ass, bitch." *Transcript* at 213. The trial court summoned security and removed the jury to the jury room. The record continued outside the presence of the jury with Riddell's counsel moving for a mistrial based on the spectator's outburst. Riddell's counsel argued that "the jury has been affected and may have been tainted and contaminated." *Id*. at 214. The trial court denied the motion for mistrial and Riddell's counsel made no further request.

[5] The jury reconvened the next day and the trial continued. After the close of evidence, the jury returned its verdict finding Riddell guilty of murder. The trial then continued with the habitual offender phase tried to the jury. To establish Riddell was a habitual offender, the State offered *State's Exhibit* 19, a series of documents relating to his August 15, 2008 conviction for receiving stolen property, a class D felony, under Cause No. 34D04-0710-FD-141. Riddell objected to admission of *State's Exhibit* 19, asserting that not every document therein was certified. The trial court looked at the exhibit and *sua sponte* removed four pages of the exhibit, which were described as a "prosecutor's report" and an "update report." *Transcript* at 275. The trial court allowed admission of the remaining documents that comprised *State's Exhibit* 19, including the certified charging information, certified probable cause affidavit, and certified sentencing order from Cause No. 34D04-0710-FD-141. The trial court overruled Riddell's objection that the exhibit must be "taken either as a whole or not." *Transcript* at 276.

[6]    When the State offered *State's Exhibit* 21, which included documents relating to Riddell's April 25, 2006 conviction for burglary, a class C felony, under Cause No. 30D01-0512-FC-185, Riddell objected, citing again the fact that several of the documents included therein were not certified. The trial court *sua sponte* took out the probable cause affidavit, but allowed admission of the remaining documents, which included the certified charging information, certified guilty plea and sentencing entry, and certified judgment of conviction from Cause No. 30D01-0512-FC-185. The trial court overruled Riddell's objection that the exhibit "ha[d] to be accepted in whole or rejected." *Transcript* at 278. The jury found Riddell to be a habitual offender. On July 10, 2015, the trial court sentenced Riddell to sixty years for murder with a ten-year enhancement for his status as a habitual offender. Riddell now appeals.

## Discussion & Decision

### 1. Mistrial

[7]    Riddell argues that the trial court abused its discretion in denying his motion for a mistrial following an outburst from someone in the gallery while the jury was still present in the courtroom. Riddell asserts that the trial court's failure to admonish the jury immediately after the outburst occurred allowed the outburst "to germinate in [the jurors'] minds." *Appellant's Brief* at 4. Riddell also seemingly faults the trial court for not admonishing the jury the following morning before trial resumed.

[8] A mistrial is an extreme action and is warranted only when no other action can be expected to remedy the situation. *Vaughn v. State*, 971 N.E.2d 63, 68 (Ind. 2012). "The decision to grant or deny a mistrial motion is left to the sound discretion of the trial court." *Id*. at 67. We will reverse the trial court's determination on the issue only for an abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. at 67-68. "We afford great deference to the trial court because it is in the best position to gauge the circumstances and impact on the jury." *Id*.

[9] When faced with a circumstance that a defendant believes might warrant a mistrial, generally the correct procedure is to request an admonishment. *Isom v. State*, 31 N.E.3d 469, 482 (Ind. 2015). If unsatisfied with the admonishment or if it is obvious that an admonishment will not be sufficient to cure the error, then counsel may move for a mistrial. *Id*. In situations similar to the present, it has been held that an admonishment to disregard an outburst by a spectator is a reasonably curative measure. Thus, where an admonishment is given in such cases, the trial court's subsequent denial of a motion for mistrial is not an abuse of discretion. *See Adkins v. State*, 524 N.E.2d 1274, 1275 (Ind. 1988); *Hill v. State*, 497 N.E.2d 1061, 1067 (Ind. 1986) (same).

[10]     Here, Riddell never requested an admonishment, but rather, moved immediately for a mistrial.[2]  The decision whether to admonish a jury is a function of trial strategy because an admonishment may draw undue attention to the very remarks and or conduct to be addressed.  *See Brewer v. State*, 455 N.E.2d 324, 327 (Ind. 1983).  It is a function of defense counsel to determine if such strategy is desirable.  *Id*.  The trial court's function is to rule on such request, if made, and not to, *sua sponte*, initiate the admonishment of the jury. *Id*.  We therefore reject Riddell's argument to the extent he claims it was incumbent upon the trial court to admonish the jury even where an admonishment was not requested.

[11]     We likewise reject Riddell's argument that the trial court abused its discretion in denying his motion for mistrial.  To prevail on appeal from the denial of a motion for mistrial, Riddell must establish that the questioned conduct "was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected."  *Gregory v. State*, 540 N.E.2d 585, 589 (Ind. 2001).  The gravity of peril is determined by considering the misconduct's probable persuasive effect on the jury's decision, not the impropriety of the challenged action, evidence, or misconduct.  *Mack v. State*, 736 N.E.2d 801, 803 (Ind. Ct. App. 2000), *trans. denied*.

---

[2]  When the jury reconvened the following day, Riddell again did not request an admonishment.

[12] The circumstance giving rise to Riddell's motion for a mistrial was an emotional outburst from an unidentified female spectator. The spectator used profane language and accused Riddell of being a liar and a murderer. The outburst occurred as the court recessed the jury for the evening. The trial court immediately summoned security and removed the jury from the courtroom. After the jury was removed, Riddell immediately moved for a mistrial, asserting the jury had been "tainted." *Transcript* at 214. The trial court disagreed and denied the motion.

[13] Here, the spectator's outburst was short, transpiring in a matter of seconds. Further, there was no disruption of trial proceedings as the jury was preparing to exit the courtroom after the proceedings had been adjourned for the day. The spectator's outburst did not add to the State's evidence. Indeed, the State's evidence of Riddell's guilt was overwhelming, with much of it presented by way of the recording taken from Riddell's security cameras. The recordings showed a heated exchange followed by Riddell initiating a physical confrontation. The recording also showed Riddell following West after he left Riddell's property. Riddell is seen grabbing an object and then replacing it. A knife later found in proximity to where Riddell is seen grabbing an object contained West's DNA on the blade. West was found in a nearby yard and died of a stab wound at the scene. The spectator's outburst, while an unfortunate breach of decorum, did not place Riddell in a position of grave peril to which he otherwise would not have been subjected. The trial court did not abuse its discretion in denying Riddell's motion for a mistrial.

## 2. Habitual Offender

During the habitual offender phase, the State offered *State's Exhibits* 19 and 21, each composed of documents relating to Riddell's prior convictions for the jury's consideration of Riddell's status as a habitual offender. Riddell's argument with regard to admission of these exhibits is that the trial court exceeded its authority when it admitted the exhibits as modified by the court instead of admitting them as offered by the State or excluding them altogether. Riddell cites no authority to support his argument that the trial court could not admit the exhibits as modified. Riddell has therefore waived any error in this regard. *See* Ind. Appellate Rule 46(A)(8)(a) ("[e]ach contention must be supported by citations to the authorities . . . relied on"); *Jackson v. State*, 758 N.E.2d 1030, 1037 (Ind. Ct. App. 2001) (finding waiver where appellant failed to cite appropriate authority).

Waiver notwithstanding, the trial court did not abuse its discretion in admitting *State's Exhibits* 19 and 21 without certain documents that were initially contained therein. Trial courts have "inherent discretionary power on the admission of evidence." *Vasquez v. State*, 868 N2d 473, 476 (Ind. 2007) (quotation omitted). Indeed, trial courts frequently redact or excise inadmissible matter from statements and other evidence. *Townsend v. State*, 533 N.E.2d 1215, 1225 (Ind. 1989). This is apparently what happened here.

To the extent Riddell complains that the exhibits as tendered by the State are not included in the record, we note that it was Riddell's burden to provide us

with a complete record. *See Moffitt v. State*, 817 N.E.2d 239, 247 (Ind. Ct. App. 2004) (noting that the appellant bears the burden of presenting a complete record with respect to the issues raised), *trans. denied*. Finally, we note that Riddell does not challenge the documents that were admitted as part of *State's Exhibits* 19 and 21 as inadmissible. Upon review of the documents in each exhibit, it is clear that each one bears a proper certification. Riddell has failed to establish that the trial court abused its discretion in admitting *State's Exhibits* 19 and 21.

[17] Judgment affirmed.

[18] Robb, J. and Barnes, J., concur.